No. 2,148.

JOHN J. FULTON, RESPONDENT, v. JAMES W. COX, et al. APPELLANTS.

| 40 | 101 |
|-----|-----|
| 133 | 247 |

DISMISSAL OF APPEAL FROM JUDGMENT.—The dismissal of an appeal from a judgment is not a bar to an appeal from a subsequent order refusing a motion for a new trial.

PRACTICE.—MISJOINDER OR NONJOINDER OF PARTIES.—MOTION TO AMEND.—A denial by the Court, on the objection of the defendant, of a motion to amend the complaint by substituting a proper party for one improperly sued, will be considered as made at defendant's instance and with his consent, and he cannot subsequently complain of a misjoinder or nonjoinder of parties.

PRACTICE ON APPEAL.—STATEMENT OF ACCOUNT BY COURT COMMISSIONER. Where the principles upon which an account is to be stated had been determined by the Court before the Commissioner was ordered to make the statement, the action of the Court cannot be reviewed in the absence of the evidence upon which the principles were determined.

APPEAL from the District Court of the Fourth District, City and County of San Francisco.

The complaint was for an accounting and dissolution of copartnership.

On December 28th, 1859, the firm of Cox, Francis & Co. were doing business as commission merchants, and as dealers in miscellaneous trade in San Francisco. Fulton, the plaintiff, was carrying on a tannery and manufacturing leather belting and hose. Plaintiff alleges that Cox, Francis & Co. on that day entered into a verbal agreement with

him, to receive and sell his leather belting and hose at re-
tail, and make advances to him to carry on his business, for
which the firm of C. F. & Co. were to receive commissions
to amount of twenty per cent. on all sales, and were to be
allowed interest at the rate of two per cent. per month on
advances; that the arrangement was one of copartnership
with him; and that the books and accounts were to be kept
and made out in the name of Cox, Francis & Co. The
complaint then specially alleges the amount and character
of the business transactions, and that about February 1st,
1861, the firm of Cox, Francis & Co. was merged in a new
firm, styled Cox, Willcutt & Co., which latter received the
stock unsold, and continued the business down to October
15th, 1861, and then refused to make further advances.

It is alleged in the complaint, that the firm of Cox, Fran-
cis & Co. was composed of J. W. Cox and J. W. Francis;
and Cox, Willcutt & Co. of these two, together with Will-
cutt.

The defendant, J. W. Francis, answered separately and
denied that he ever was, at any time, a member of either of
the firms mentioned; and alleged that the firm of Cox,
Francis & Co. was composed solely of Cox and D. B. Fran-
cis, and that of Cox, Willcutt & Co. was composed solely of
defendants Cox and Willcutt.

Defendants Cox and Willcutt answered, and denied spe-
cifically each allegation of the complaint; and set up that
Cox, Francis & Co. and Cox, Willcutt & Co., in all the deal-
ings connected with the receipt and sale of the leather belt-
ing and hose, acted as commission merchants, for an agreed
commission of twenty per cent. on all sales; and two per
cent. per month interest payable monthly, on all advances
made to Fulton to carry on his business, and also set up the
misjoinder of J. W. Francis, and nonjoinder of D. B.
Francis, as defendant, and aver that the firm of Cox, Fran-
cis & Co. was composed solely of Cox and D. B. Francis;
and that of Cox, Willcutt & Co. of Cox and Willcutt.

The cause was referred to the Court Commissioner to take
the proofs, who stated the accounts, and made report,

allowing to the plaintiff and defendant interest at the rate of ten per cent. per annum upon the monthly balances as they were found for or against them respectively, at the end of each month, and allowing no commissions to the defendants upon sales made by them or to them after the month of November, 1866; but upon all sales made *prior* to and inclusive of said month, allowing commissions at the rate of twenty per cent. of the gross amount of sales, with the exception of a few comparatively small items.

The Court adopted the report, and rendered judgment in favor of plaintiff against defendants Cox and Willcutt, plaintiff waiving judgment against defendant J. W. Francis.

Defendants appealed from the judgment, and the appeal was dismissed for want of prosecution. Subsequently defendant's motion for a new trial was denied; and from the order denying said motion, as well as from the judgment, this appeal is taken,

The other facts are stated in the opinion.

*W. H. Patterson,* for Appellants.

*First*—The answer of a misjoinder, tendered a material issue, and one which the Court was bound to adjudge upon according to the fact as found.

In a bill filed for a partnership accounting, a defendant may plead in bar that he is not a partner. (Collyer on Partnerships, § 370; Daniels' Ch'y Pr. § 700; Prac. Act, § 40, subdiv. 4; *Id.* § 44–45.

*Second*—The nonjoinder of D. B. Francis was also a material issue, upon which the Court was bound to pronounce when the fact was found. And upon the fact as found, entitled the defendants to judgment upon a final submission of the case. (Collyer on Partnerships, § 361, § 368; Prac. Act, § 13, § 40, § 44, § 45.; *Wooster* v. *Chamberlain,* 28 Barb. 602.; *Sweet* v. *Tuttle,* 4 Kernan, 465; *Sloan* v. *Hooker,* 13 Barb. 542.)

*Third*—D. B. Francis was a necessary party to the complete determination of the controversy, and the plaintiff could not have judgment without making him a party. (*Van Epps* v. *Van Duzen*, 4 Paige, 64; *Shaver* v. *Brainerd*, 29 Barb. 25; Practice Act, § 17.)

Where an action is brought to enforce a liability, both of the partnership property and of the partners individually, all the members are necessary parties; and in case of the death of a partner, his personal representatives are necessary parties. (*Voorhies* v. *Baxter*, 1 Abbott, 44–45.)

To a bill for an account of partnership transactions, all the partners should be parties; and so for a share in a partnership adventure, all the partners having shares must be parties. (Collyer on Partnerships, § 361, and authorities cited.)

If a partner becomes bankrupt pending suit, his assignee must be brought in. If he die his personal representatives must be substituted. (Id. § 362.)

*Fourth*—The alleged error in rejecting commissions is based on the fact of the defendants being held as dealers and co-partners, carrying on a retail trade, and held for the retail price of the goods under the alleged agreement in the complaint; and at the same time deprived of their commissions, which were secured in the very agreement that is being enforced against them.

The error in the statement of the interest account is equally manifest. Two per cent. interest per month was expressly reserved in the agreement and admitted in the complaint; yet the commissioner states the accounts allowing to defendants only ten per cent. interest per annum.

*Henry B. Janes*, for Respondent.

*First*—The dismissal of an appeal, is an affirmance of the judgment, and a bar to any other appeal from the judgment: (*Karth* v. *Light*, 15 Cal. 324; *Rowland* v. *Kreynhager*, 24 Id. 52; *Chamberlain* v. *Reed*, 16 Id. 207; Rules Supreme Court, Rule 3.) It is also a bar to any other appeal in the case.

*Second*—Appellants opposed plaintiff's motion to amend and thus cure all possible error on these issues at the trial, and before final judgment.

A party cannot complain of an order as erroneous which was made with his consent. (*Mott* v. *Smith*, 16 Cal. 533; *Murhultz* v. *Sessions*, 9 Id. 277; *Brotherton* v. *Hart*, 11 Id. 405; *Winter* v. *Rose*, 32 Ala. 447; *Hopkins* v. *Donaho*, 4 Fox 336. See also text of opinion in *Claflin* v. *Farmer's Bank*, 36 Barb. 540.)

RHODES, C. J., delivered the opinion of the Court, SPRAGUE, J., and TEMPLE, J., concurring:

The dismissal of the appeal from the judgment, under Rule 3 of this Court, is not a bar to an appeal from an order, subsequently made, refusing the defendant's motion for a new trial.

The answer tendered the issue of a misjoinder of J. W. Francis, as a defendant, and of the nonjoinder as a defendant of D. B. Francis. The Court found that J. W. Francis was not, and that D. B. Francis was, a member of the firm of Cox, Francis & Co. The plaintiff thereupon offered to amend the complaint by striking out the name of J. W. Francis and adding the name of D. B. Francis as a defendant, but the motion was opposed by the defendants and was denied by the Court. We are not apprised of the grounds of the objection, but whatever they may have been, it is clear that the defendants have no cause to complain of the misjoinder or the nonjoinder, for leave to amend the complaint was denied on their objection. The order will be regarded as having been made at their instance and with their consent.

The defendants insist that they should have been allowed interest on their advances, at the rate of two per cent. per month, and commissions on their sales at the rate of twenty per cent. The complaint states that the agreement to pay interest at two per cent. per month was verbal, and the answer does not allege that the agreement was in writing. The statute in force at that time, did not give effect to an

agreement for a greater rate than ten per cent. per annum, unless it was made in writing. Whether interest on the advances was allowed at the rate of ten per cent. per annum, for that or some other reason, cannot be ascertained from the record in this Court. The principles upon which the account between the parties was to be stated, had been determined, before the Commissioner was ordered to state the account; but the evidence on which the Court acted is not presented in the record. As the alleged error occurred at that stage of the case, the action of the Court cannot be reviewed in the absence of the evidence upon which the principles were determined, upon which the account was required to be stated.

The question as to the commissions, occupies the same position as that in respect to the interest. The complaint avers that commissions at the rate of twenty per cent. were to be allowed on the sales at retail, while the answer claims such commissions on all sales; but, without having the evidence before us, we cannot ascertain what the agreement was, nor whether any sales were made at retail, after the time for which commissions were allowed to the defendants.

Judgment affirmed.

WALLACE, J., being disqualified, did not sit in the case.

CROCKETT, J., expressed no opinion.