EDWIN S. CHITTENDEN, Receiver, *vs.* GERMAN-AMERICAN BANK, impleaded, etc.

September 8, 1880.

**Trial by Court—Motion for New Trial—Appeal.**—When an action is tried by a district court, without the intervention of a jury, a party may, if he chooses, move for a new trial, and from the order made upon the motion an appeal lies to this court.

**Mortgage by one Partner of Partnership Real Estate standing in his Name, to raise Money for Firm Debts.**—M. & B. were partners, engaged in manufacturing barrel stock. M. was owner of a certain tract of land, known as block 48. The firm erected a mill upon the block, and purchased and placed thereon an engine and other machinery, and also built other buildings thereon, all in connection with, and as necessary to, the prosecution of the firm's business, and went into and continued in occupation of the premises, for the purpose of carrying on their business. These improvements were made with firm money, and with the consent of both partners; but there does not appear to have been any express agreement with reference to the ownership, or removal, or other disposition of the same. Neither does it appear that there was any intention that they should be removed from the block. The buildings were permanent structures, the mill and machinery attached to the soil, and the other improvements appurtenant to the mill. In this state of facts, M. borrowed $6,000 of G., giving his promissory note therefor, and, as security, executed and delivered to G. a mortgage of block 48 and other property. The money was borrowed and used by M., for the purpose of paying debts of the firm. *Held*, that M., possessing as a partner power to borrow money for firm purposes, and to give security for the same upon firm property, the firm, by permitting the title to block 48 to stand in M.'s name, may properly be said to have clothed him with authority to mortgage it in his own name for firm purposes, and that the mortgage to G. is therefore valid, binding the mortgaged property, and also the firm, whatever its rights in the property and improvements were.

Appeal by plaintiff from an order of the district court for Ramsey county, refusing a new trial, after a trial before *Brill*, J., without a jury.

*Geo. L. Otis* and *E. S. Chittenden*, for appellant.

*John B. & W. H. Sanborn*, for respondent.

BERRY, J.   When an action is tried by a district court, without the intervention of a jury, it is not indispensable to

move for a new trial in order to a full review of the action of the trial court. *St. Paul Fire & Marine Ins. Co.* v. *Allis*, 24 Minn. 75. But, nevertheless, the statute and the practice allow a party to make such motion if he desires, (in order, probably, to give him an opportunity to obtain the relief to which he thinks he is entitled, without the labor and expense of an appeal,) and, from the order made upon the motion, an appeal lies to this court. Gen. St. 1878, *c.* 66, § 253; *c.* 86, § 8. The respondent's motion to dismiss must, therefore, be denied.

The court by which this action was tried finds the following facts: On March 30, 1875, and for a long time before, and until May 14, 1875, Adolph Munch and Randall K. Burrows were copartners under the firm name of Munch & Burrows, engaged in the manufacture of barrel stock, at Pine City, in this state. On May 14, 1875, in an action then pending between Burrows, as plaintiff, and Munch, as defendant, the object of which was to dissolve and wind up the partnership, Chittenden, the plaintiff in this action, was appointed receiver of all the assets of the firm, and, as such receiver, brings this action.

During all the time mentioned herein, Munch was and now is owner in fee of a parcel of land designated as block 48, in Pine City, the title to the same standing of record in his name. At some time before the year 1875, the firm, for the purpose of carrying on their business, built upon this block a stave-mill, and purchased and placed therein, and attached thereto, an engine and boilers, and other necessary machinery, and also built certain other buildings "appurtenant to said mill," and necessary for the same purpose, and, among others, a dwelling-house used for a boarding house, and a dwelling-house occupied by Burrows in connection with the business; and thereafter, until the plaintiff's appointment as receiver, the firm was in the occupation of the premises, carrying on business therein. Upon plaintiff's appointment, he took possession of the premises, and has since remained in possession.

The improvements mentioned were made upon the block with firm money, and with the consent of both partners, but it does not appear that there was any express agreement respecting the ownership, or removal, or other disposition of the same; neither does it appear that there was any intention that they should be removed from the block. The buildings were permanent structures, the mill and machinery attached to the soil, "and the other improvements were appurtenant to the mill."

On March 30, 1875, Munch borrowed of Gotzian $6,000, giving his promissory note therefor, and, as security, executed and delivered to Gotzian a mortgage upon block 48 and other property, which was duly recorded. The mortgage was assigned to Mrs. Weide, and by her to the German-American Bank, in both cases for value, and both assignments were duly recorded. The bank is now the owner and holder of the note and mortgage, no part of the same having been paid, except the interest to August 6, 1879. Munch borrowed the money of Gotzian, and used it, for the purpose of paying debts of the firm. When Gotzian lent the money, and took the note and mortgage, he knew that the firm of Munch & Burrows was carrying on its business on block 48, but had no notice otherwise that the firm had any claim to said block, or to the improvements thereon, Munch representing to him that he (Munch) was the owner of both, and Gotzian, upon an examination of the record, made the loan and took the mortgage, believing Munch to be the owner of the property, and relying on the mortgage as security. At the time when the mortgage was given, the lands embraced therein, exclusive of improvements, were worth $600, and the improvements $12,000. Their relative value remains the same, but the actual value at the present time is much less. Munch is insolvent.

The important question in the case is whether "the improvements" passed by the mortgage to Gotzian. The district court was of opinion that they did pass, and we are of

the same opinion. According to the finding, which is supported by the testimony, "the improvements" were so made as to form part of the realty, as respects the matter of physical annexation. The title to block 48 was in Munch, a fact known to the firm. Munch, as a member of the firm, had the usual authority to borrow money upon a firm note, and to give security upon partnership property. These considerations are decisive. It may be admitted, for the purposes of this case, that at the time when he lent the money, Gotzian knew, either actually or constructively, that "the improvements" were put upon the block by the firm, with firm money, and for firm purposes exclusively. Notwithstanding this, the facts remained that the title to the improvements, as a part of the realty, stood in Munch's name, that the firm knew this, and that Munch, as a partner, had authority to give security upon partnership property for money borrowed by him for partnership use. As a matter of course, authority to give the security mentioned was authority to give it in a practicable way, and according to the applicable rules of law. The title to the property standing in Munch's name, this was, therefore, an authority for him to mortgage it in his name. In other words, the firm, by permitting the title to stand in his name, may properly be said to have clothed him with authority to mortgage it in his name for firm purposes. It follows that the mortgage made to Gotzian was a valid mortgage, and bound the mortgaged property and the firm, whatever its rights in the property or improvements were. If the mortgage was good as against the firm, it is, of course, good against the firm's receiver.

Order affirmed.