No. 9776.

## Schierman et al. v. Beckett et al.

Vendor and Vendee.—*Statute of Frauds.*—*Promissory Note.*—*Consideration.* —*Contract.*—A parol contract for the conveyance of land is not void, but only voidable, and is a sufficient consideration for a promissory note; and if the vendor show himself able and willing to perform, he can recover upon the note.

From the Dearborn Circuit Court.

*H. D. McMullen, D. T. Downey* and *S. R. Downey*, for appellants.

Black, C.—The appellee Beckett sued his co-appellee, Elizabeth Schierman, and the appellants upon a promissory note executed by the defendants to the plaintiff February 16th, 1881, payable one day after date.

The appellee Elizabeth answered, alleging that the only consideration for the note sued on was that it was given as a part payment upon a pretended contract for the sale of land by the plaintiff to her co-defendant Martin Schierman; that it had no relation to, or connection with, any other transaction or any contract or business to which she was a party; and that at the time of signing said note she was a married woman.

Afterwards, the complaint was amended. No answer of

coverture was filed after the complaint was amended; but the finding and judgment were in favor of said Elizabeth. The appellants demurred severally to the amended complaint, and their demurrer was overruled.

The defendants answered the amended complaint in two paragraphs, the first being a general denial, and the second alleging that the note was given without consideration. There was a reply of general denial to the second paragraph of answer. The cause was tried by a jury, who returned a verdict in favor of the appellee Elizabeth and against the appellants; and a motion for a new trial, made by the appellants, having been overruled, judgment was rendered in accordance with the verdict.

The note in suit was given for a part of the purchase-money of certain land in Dearborn county, in this State, under a contract for the sale thereof by the appellee Beckett to the appellant Martin Schierman. The plaintiff took upon himself in his complaint and on the trial to show the circumstances under which the note was given. At the time when the note was executed to the appellee Beckett, the following receipt was delivered to the appellant Martin Schierman:

"AURORA, IND., Feb. 16th, 1881.

"Received of Martin Schierman his note for the sum of $200.00, as an advance payment of his purchase of the e. ½ of the n. w. ¼ of sec. 11, town. 5, r. 3 w.; also, south ½ of s. w. ¼ of sec. 2, town. 5, r. 3 w.; also lands adjoining; making the whole aggregate 153 acres, this day sold to him by Fletcher & Co., agents for Joe S. Beckett; the purchase price being $35 per acre, on the following terms: one-half cash and the balance in annual payments, at six per cent. interest, the said Martin Schierman to receive a clear warranty deed upon compliance with above terms. The deed to be delivered by March 15th, 1881.                    FLETCHER & Co."

This receipt was written and signed by one of the members of the firm of Fletcher & Co., real estate agents, in the presence of said Beckett and Martin Schierman; and if the words

"also lands adjoining," had been omitted, and in place thereof the words " in Dearborn county, State of Indiana," had been inserted, it would have described 153 acres of land which Beckett owned in said county, and for the sale and convey- ance of which to said Martin Schierman a parol agreement had been made by said Beckett and Martin, as stated in the receipt.

The plaintiff and the court proceeded upon the theory that to recover upon the note it was necessary that the contract for the sale of the land should, by compliance with the statute of frauds, be capable of being enforced by Martin Schierman against Beckett; that it might be shown that the words " also lands adjoining," were inserted, and the name of the county and that of the State were omitted, by mistake; and that if such mis- take were shown, and it were also shown that the signing of the receipt was lawfully authorized by the vendor, the defence of want of consideration for the note could not prevail.   On the other hand, it was claimed by the appellants that the transaction amounted merely to a parol contract for the sale of land, and that, neither party to that contract being bound thereby, there could be no recovery upon the note.   All the questions aris- ing under the demurrer to the complaint and the motion for a new trial had reference to these theories.

It has sometimes been said that if an executory contract for the conveyance of land do not bind the vendor, he can not recover upon a note given by the vendee for purchase-money; that if the vendor is not bound by his promise there is no consideration for the promise of the vendee.

On the other hand, it has been held that the vendor of land by parol contract, if he show his own ability and willingness to perform, can enforce the vendee's note for purchase-money. And this doctrine is placed upon the same principle that pre- vents the vendee from recovering back the purchase-money while the vendor is able and willing to convey according to his verbal agreement.   It is said that the defence to the note in such case must be, not upon the statute of frauds, but want

or failure of consideration ; which can not be made out if the vendor show his ability and willingness to perform. See Browne Stat. of Frauds, sec. 122 *b*, and authorities cited, especially *Rhodes' Adm'rs* v. *Storr*, 7 Ala. 346 ; *McGowen* v. *West*, 7 Mo. 569 (38 Am. Dec. 468) ; *Crutchfield* v. *Donathon*, 49 Texas, 691 (30 Am. R. 112) ; *Barnes* v. *Wise*, 3 T. B. Mon. 167, 171 ; *Rowland* v. *Garman*, 1 J. J. Marsh. 76 (19 Am. Dec. 54). For analogous cases, see *Humphrey* v. *Fair*, 79 Ind. 410, 412, and cases there cited.

In this case the vendor, in his complaint and in his evidence, showed a tender before suit brought of a deed of conveyance of the land which the vendee had agreed with him to purchase, and the refusal of said vendee to accept it ; also a formal notice of repudiation of the contract from the vendee to the vendor. The vendor also offered to prove his title to said land, but upon objection, on the ground that his title was not disputed, the evidence was rejected.

The verbal contract for the sale of land is not void. The statute simply provides that no action shall be brought upon it. The action on the vendee's note is not a suit upon the contract of sale ; and the vendee's defence being want of consideration for the note, it would seem that he ought not to be permitted to assert as such defence the fact that the vendor might refuse performance, when the sole reason for the failure of the vendor to perform is the rejection by the vendee of offered performance. Therefore, if there was no sufficient memorandum, and parol evidence could not be admitted to aid said receipt, which we need not decide, it can not be held for that reason alone that there was no consideration for the note.

The complaint showed a cause of action on the note, and the additional matter alleged in the complaint concerning the contract did not show a want of consideration for the note. The appellants, by their answer, took upon themselves the burden of showing a want of consideration, but it was not shown by the evidence. It was unnecessary for the plaintiff

to introduce said receipt in evidence; but its introduction did not harm the appellants. A contract for the conveyance by appellee Beckett to appellant Martin Schierman of certain real estate in said county, which, if no action could be brought thereon, was still valid, was shown by oral evidence; said vendor's willingness to convey was proved; and he offered to show his ability to transfer a good title, but this was expressly waived by the appellants.

If we are correct in our view of the law, there was no error for which the judgment should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be and it hereby is affirmed, at the costs of the appellants.

Opinion filed at the May term, 1882.
Petition for a rehearing overruled at the November term, 1882.