JOHN C. LATZKE v. CHRIS ALBRECHT and Another.[1]

January 27, 1911.

Nos. 16,879—(236).

**Contract to buy land on shares — consideration for promissory note.**
The contract between the parties set out in the opinion constitutes a valuable consideration for the promissory note which is the subject-matter of this action.

Action in the district court for Scott county to recover $2,960 upon a promissory note. The facts are stated in the opinion. The case was tried before Morrison, J., who made findings of fact and as conclusion of law ordered judgment in favor of plaintiff for $3,581.60. From the judgment entered pursuant to the order, defendants appealed. Affirmed.

*E. Southworth* and *W. N. Southworth*, for appellants.
*Jesse Van Valkenburg*, for respondent.

Start, C. J.

This is a joint appeal by the defendants from a judgment of the district court of the county of Scott against them and in favor of the plaintiff.

The complaint herein alleged that the defendants, on August 1, 1907, executed to the plaintiff their promissory note of that date, and thereby for value received promised to pay to the order of the plaintiff $2,960, two years after date, with interest at six per cent. per annum until paid. The answer was to the effect that the defendant Thresa Albrecht signed the note at the request and for the accommodation of her husband and codefendant, without consideration, and that he executed the note without any consideration therefor. The answer also alleged the circumstances under which it was claimed the note was made. The allegations of new matter in

[1] Reported in 129 N. W. 508.

the answer, except as therein admitted, were put in issue by the reply. The cause was tried by the court without a jury, and findings of fact made to the effect that the note was executed for a valuable consideration, and as a conclusion of law judgment was directed for the plaintiff for the amount of the note.

The sole question here to be decided is whether there is any evidence fairly tending to support the finding that the note was given for a valuable consideration. There was evidence, taking the most favorable view of it for the plaintiff, which is permissible, tending to show the evidentiary facts following: ·

The defendant Chris Albrecht, hereafter referred to as the defendant, was agent for the sale of Canadian lands, and he and the plaintiff entered into an agreement for the purchase of section 27, township 5, range 5, in the province of Saskatchewan, for $5,920. The plaintiff was to furnish the money for that purpose and take the title in his own name, the defendant to do the work, and the profits were to be divided between them. The land was conveyed to the plaintiff, and he paid the purchase price therefor, $5,920; and on July 23, 1906, the parties entered into a written contract touching the matter, which was duly signed and acknowledged by them. The contract, so far as here material, is to the effect following:

John C. Latzke, the party of the first part, has purchased from the American Canadian Land Company the following described land, to wit: All of section No. 27 in township No. 5, range No. 5, Saskatchewan, Canada, and has paid the company therefor the sum of $5,920. The title to the land runs to the party of the first part. Now, therefore, it is hereby mutually agreed that, the land having been so bought by the first party and the purchase price therefor having been paid by him, each of the parties hereto shall be joint owners of the land, and the second party, Chris Albrecht, shall pay to the first party interest on one-half of the purchase price, to wit, on $2,960, at the rate of six per cent. per annum, interest payable annually until such time as the land may be sold. It is further understood that the second party shall use his best endeavors to sell the land as soon as possible, and shall have the sale thereof, and when the land is sold the amount of the purchase money so paid by the

first party shall be repaid to him out of the sale, and that all profits over and above the sum of $5,920 so paid for the land shall be divided equally between the parties hereto. It is also agreed that the parties hereto shall pay all taxes on the land, until sold, equally, and shall stand all expenses of recording papers and other actual expenses equally. It is also agreed that in the selling of the land the second party shall use his best judgment, but not at a less price than paid therefor, except by the consent of both parties. The first party shall make the proper conveyance of the land so sold, and the first party shall receive the full amount of his purchase price paid, before there shall be any profits to divide.

The note in question was given in renewal of the one which was executed in consideration of the interest of the defendant in the land, as expressed in the contract, and for one-half of the purchase price thereof. On February 15, 1907, the plaintiff, with others, entered into a contract for the exchange of section 27 for other lands with Messrs. Harvey & Hepburn, whereby section 27 was to be accepted at the agreed price of $9,600 as part of the purchase price of the other lands. The plaintiff deeded the section according to the contract, which was negotiated by the defendant. The plaintiff never received any money for the section, or the land which was to be conveyed to him by Harvey & Hepburn. On the contrary, at the time of the trial of this action a suit was pending and undecided, to which the plaintiff was a party plaintiff, to compel a reconveyance of the section to him.

Do these evidentiary facts justify the finding of the ultimate fact by the trial court that the note was given for a valuable consideration? This question depends upon a construction of the contract between the plaintiff and the defendant. If that contract gave the defendant any interest in the land, it constituted a valuable consideration for the note, and the judgment must be affirmed; for the defense is no consideration for the note, not a failure of consideration or payment.

It is claimed by the defendant that, at the time the contract was executed, he executed his promissory note for one-half of such purchase price, viz., $2,960, merely as a memorandum of the amount

upon which interest should be figured, and to show that he was not to have one-half of the whole amount received upon a resale of this land. The contract and note, when read together, do not justify this claim. There was neither necessity nor sense in giving the note simply as a memorandum of the amount upon which interest should be figured, for that was specifically provided for in the contract. Again, the note is not a promise to pay the amount thereof when the land is sold and interest to that time, but is an absolute promise to pay, with interest, $2,960, one half of the purchase price of the land, two years after its date. The contract states that the title to the land was in the name of the plaintiff, and the parties thereby expressly agreed that, the land having been so bought by the plaintiff and the purchase price paid by him, the parties shall be joint owners of the land. The contract then provides for the payment by the defendant of one-half of the interest on the purchase price until such time as the land may be sold, and also that the defendant shall have charge of its sale, and the plaintiff shall make a deed of the land when sold, and receive the full amount of the purchase price before there should be any profits to divide. It is clear from the contract that the parties anticipated and assumed that the land could be sold for a profit and the purchase price repaid from the proceeds of the sale. This, however, in no manner qualifies the clear and positive agreement that the parties should be joint owners of the land. The contract admits of no other reasonable construction, and it constitutes a valuable consideration for the note given for one-half of the purchase price.

Judgment affirmed.

JAGGARD, J., took no part.