# CHRIS ALBRECHT v. JOHN C. LATZKE.[1]

January 3, 1913.

Nos. 17,800—(117).

**Decision not sustained by evidence.**

In this action, brought by plaintiff for an accounting and recovery of one-half of the proceeds alleged to have been received by defendant from the sale of a section of land owned jointly by the parties, but the title of which had been taken in the name of the defendant, the court's order denying defendant's motion for a new trial, after making findings directing judgment for plaintiff, *he'd* erroneous, on the ground that the evidence does not justify the decision.

Action in the district court for Scott county for an accounting relative to the sale of certain lands and that plaintiff recover $4,800. The case was tried before Morrison, J., who made findings and as conclusion of law ordered judgment in favor of plaintiff. From an order denying defendant's motion for a new trial, he appealed. Reversed.

*Jesse Van Valkenburg* and *George S. Grimes,* for appellant.

*F. C. Irwin* and *W. H. Leeman,* for respondent.

HOLT, J.

The material allegations of the complaint are: That in July, 1906, plaintiff and defendant jointly purchased a section of land in Saskatchewan, Canada, for the purpose of speculation. The whole consideration was paid in cash by defendant, and the title taken in his name; plaintiff giving his promissory note to defendant for his half of the purchase price, which note has since been paid. The written agreement under which the parties embarked in the venture is attached to the complaint, and therefrom it appears that plaintiff had the right to sell the land for such price as he might see fit, but not for less than it cost, unless defendant gave his consent. When

[1] Reported in 139 N. W. 158.

so sold, defendant agreed to convey to the purchaser. The price received was to be equally divided between plaintiff and defendant. It is then averred that on February 15, 1907, the section was sold by plaintiff and defendant to Harvey & Hepburn, by agreement, for $9,600, and pursuant thereto defendant conveyed the land to them, and he received the purchase price, either in money or in other lands conveyed to him, or to other parties, to whom defendant directed the conveyance of the lands so·received should run. The allegations then are that defendant has retained the whole consideration received, and refuses to pay plaintiff any part thereof, and an accounting is asked, and judgment demanded for the amount found due.

The defendant admitted the agreement with plaintiff under which they bought the section referred to, and its sale or exchange by mutual consent to D. W. Harvey and W. F. Hepburn. The answer also sets forth, and the undisputed testimony shows, these facts:

That plaintiff, who had been in the business of selling Canadian lands a number of years, negotiated for the deal with Harvey & Hepburn. In so doing plaintiff and defendant procured H. B. Kamp and F. J. Bohland to take an equal interest with them in the lands obtained from Harvey & Hepburn. In the agreement executed by Harvey & Hepburn, as vendors, and plaintiff, defendant, Kamp, and Bohland as vendees, the vendors agreed to sell and the vendees to purchase the vendors' equity in 11,760 acres in Manitoba, held under a purchase contract from the Crown, paying therefor in cash, and by conveying to the vendors the said section of land in Saskatchewan, valued at $9,600, and also assuming the balance due under the contract from the Crown. Defendant.conveyed the section of land as agreed to Harvey & Hepburn. Shortly thereafter plaintiff and his associates discovered that Harvey & Hepburn had made false and fraudulent representations as to the Manitoba land. They employed an attorney to investigate and attempted to rescind. Plaintiff seemed the chief mover in this, and accompanied the attorney to Canada in an effort to recover what had been parted with, or obtain some redress from Harvey & Hepburn. In the.meantime the latter had sold and conveyed the section obtained from defend-

ant. Their efforts to obtain reparation for the swindle proving unsuccessful, plaintiff and his associates began an action in the Supreme Court of Saskatchewan against Harvey & Hepburn, to set aside and annul the agreement with the latter, and to recover what plaintiff and his associates parted with, and, failing in that, for the damages sustained. In the action those to whom Harvey & Hepburn had sold the section received from defendant in the deal were made parties defendant. That suit was pending and undetermined when plaintiff brought the present action. For some reason, not disclosed by the evidence in this case, plaintiff changed his attitude toward that litigation in Canada, so that by amendment of the proceedings it was deemed proper to transfer him from a party plaintiff to a party defendant.

At the trial of the case at bar it appeared that, after he was so transferred in this equity suit in Canada, a stipulation was entered into that plaintiffs therein would make no personal claim against this plaintiff unless he appeared and defended at the trial. In the suit in Canada to rescind it was held that the defendants therein who had bought from Harvey & Hepburn the section deeded the latter by defendant, as above stated, were innocent, good-faith purchasers, and since, therefore, the section could not be recovered, judgment was rendered rescinding the contract with Harvey & Hepburn and awarding damages against the latter and in favor of these plaintiffs therein, namely, Kamp, Bohland, and Latzke, in the amount of $15,600 and costs, being for the value of said section, namely, $9,600, and $6,000 cash paid by plaintiff's associates, Bohland and Kamp, to Harvey & Hepburn. Nothing has been collected on this judgment. Harvey & Hepburn have left Canada, and, as far as the court permitted the evidence to go, we are of the opinion that the court's finding, if material, that this judgment, entered subsequent to the commencement of the instant case, is "of full value, as shown by the evidence," is manifestly contrary to the evidence. Plaintiff admitted that Harvey & Hepburn gave him a check as part commission for making the deal. However, he claims the check proved worthless. The court excluded testimony offered by defend-

ant that plaintiff had a secret agreement for a large commission from Harvey & Hepburn for negotiating the trade.

We need consider no other assignment of error than the one denying defendant's motion for a new trial on the ground that the decision of the trial court is not justified by the evidence. Admittedly the title to the section of the Saskatchewan land was in defendant, but was held for the joint use of plaintiff and defendant. Latzke v. Albrecht, 113 Minn. 322, 129 N. W. 508. Plaintiff and defendant joined in transferring it to Harvey & Hepburn; the defendant merely carrying out the joint undertaking by executing the deed. Each obtained exactly what plaintiff bargained for, namely, an interest with their associates in the Manitoba lands. Now, one of two things must be true: Either plaintiff still retains his interest in these lands under the Harvey & Hepburn contract, or else he succeeded to what the court substituted for such contract when it adjudged the same rescinded for fraud and awarded judgment for damages; such judgment including the value of plaintiff's and defendant's section in Saskatchewan, which the court was unable to restore to them. If the first alternative be true, plaintiff has no claim against this defendant. If the second be true, it seems equally clear that plaintiff is equitably entitled to an interest in the judgment. He can go no further in his demands against defendant, in the absence of proof that any part of the judgment has been collected, or that defendant has taken any steps in the nature of a conversion of plaintiff's interest in the judgment. Defendant has obtained absolutely nothing for the Saskatchewan section, except what is represented by this judgment against Harvey & Hepburn, and the record discloses that he and his associates are willing, and offered at the trial, to assign to plaintiff an equal share in that on payment of a proportionate part of the expenses incurred in obtaining it.

It is not possible for plaintiff to take the position that by the action to rescind, after plaintiff's position therein was shifted from that of a party plaintiff to that of a defendant, there was a conversion by this defendant, Kamp, and Bohland of plaintiff's interest in the Harvey & Hepburn contract, because plaintiff, as party defendant, had his day in court, and did not then make any such claim,

nor in any manner oppose the rescission asked. If that action in any manner was an attempt to subject this plaintiff's rights in the Manitoba land, or in the benefits to be derived from a rescission of the contract of purchase, to the rights of Kamp, Bohland, and this defendant, plaintiff should have therein protected his interests. But from the pleadings and stipulations in the said action it appears that this plaintiff offered no objection to the progress of the suit, but voluntarily let it proceed to such judgment as the court should give, so long as no personal claim was made against him. At no time since the unfortunate trade has defendant ever denied plaintiff an equal interest with himself in everything that accrued to them therefrom. In buying the section of land in Saskatchewan, plaintiff and defendant looked for profits to share. When, instead of profits, loss came, both law and equity require this to be borne equally. The section of land is irretrievably lost to both, and the only relief the law could give, when resorted to, was a judgment. We agree with defendant that plaintiff is entitled to a share in this, or in any amount that may be collected thereon, first deducting the expenses incurred by his associates in obtaining it. If any one of the four who made the losing deal with Harvey & Hepburn were more to blame than another, the record points to plaintiff. Our conclusion is that the trial court erred in denying defendant's motion for a new trial.

Order reversed.