CARLBERG, Respondent, v. FIELD et al., Appellants.

(140 N. W. 267.)

1. **Appeal—Dismissal of Appeal—Order.**
   Under Code Civ. Proc., Sec. 440, authorizing appeal from a judgment or any order defined in Sec. 462 authorizing appeal from an order refusing a new trial, dismissal of an appeal from a judgment does not preclude subsequent appeal from an order on motion for new trial the hearing on which was pending when appeal from judgment was taken.

2. **Jurisdiction—Motion for New Trial After Appeal From Judgment.**
   An appeal from a judgment does not divest trial court of power to hear and determine a motion for new trial.

(Opinion filed March 11, 1913.)

Appeal from Circuit Court, Corson County. Hon. CLAY CARPENTER, Judge.

Action by Albert B. Carlberg against A. L. Field and others. From an order denying a new trial, made after an appeal from a judgment for plaintiff had been taken by defendants, defendants appeal; and plaintiff moves to dismiss the appeal. Motion denied.

*E. N. Hoffman, N. B. Bartlett, P. J. Tscharner,* and *Williamson & Williamson,* for Appellants.

*Robert Pearson,* and *Howard Babcock,* for Respondent.

No briefs were filed by either party upon the motion to dismiss appeal.

SMITH, J. Application by respondent to require appellants to show cause why an appeal should not be dismissed. The affidavit upon which the order was granted discloses that judgment was entered in the circuit court of Corson county, for $1,500 and costs, on the 20th of April, 1912; that on the 17th of July, 1912, defendants, who are appellants here, took an appeal from that judgment; that upon such appeal appellants failed to comply with the

14—Vol. 31, S. D.

rules of this court requiring the printing, serving, and filing of briefs, and on motion of respondent the appeal was unconditionally dismissed for that reason, by an order of this court, entered on the 12th day of November, 1912. Within 60 days after the entry of judgment in the circuit court, defendants, appellants herein, made a motion to vacate the judgment and for a new trial, which was denied on the 18th day of December, 1912. On the 31st day of December, 1912, defendants perfected an appeal from the order denying the motion for a new trial. Respondent seeks the dismissal of the last appeal. It is respondent's contention that appellants cannot now maintain a second appeal to review the questions raised on the motion for a new trial. In this we think respondent is in error.

[1] Section 440 Code of Civil Procedure provides, in substance, that a judgment " * * * or any order defined in section 462, may be reviewed upon an appeal by the party aggrieved." Section 462, Id., provides: "That the following orders when made by the court may be carried to the Supreme Court: * * * (3) When an order * * * grants or refuses a new trial. * * * " Section 442, Id., provides: That an appeal from a judgment must be taken within two years after the judgment shall be perfected by filing the judgment roll, and that an appeal from an order must be taken within sixty days after a written notice of the order shall have been given to the party appealing.

In the case of Gade v. Collins, 8 S. D. 322, 66 N. W. 466, this court said: "When the motion for a new trial is made and determined before a judgment is entered in the action, an appeal from the judgment brings up the order of the court denying or granting the motion for a new trial as an intermediate order that can be reviewed by this court, provided the decision of the court denying or granting the motion is assigned as error. * * * Unless the order denying or granting a new trial made after judgment is appealed from either in connection with the appeal from the judgment, or independently, the decision of the court below upon the question of the sufficiency of the evidence to justify the findings or verdict will be res adjudicata."

Section 939 of the Code of Civil Procedure of California is, in substance, the same as the provisions above quoted from our Code of Civil Procedure as to appealable judgments and orders.

that section provides that "an appeal may be taken, (1) from a final judgment in an action; * * * (3) from an order granting or refusing a new trial."

[2] Under this statute, it is held that an appeal from the judgment does not devest the trial court of the power to hear and determine a motion for a new trial. Nagle v. Spencer, 60 Cal. 10; Rayner v. Jones, 90 Cal. 78, 27 Pac. 24; Knowles v. Thompson, 133 Cal. 245, 65 Pac. 468.

Appeal from a judgment may go on after an appeal from the order has been dismissed. (Towdy v. Ellis, 22 Cal. 650); and an appeal from the order may go on after an appeal from the judgment has been dismissed (Schroder v. Schmidt, 71 Cal. 399, 12 Pac. 302). It is also held that an appeal may be taken from the order after the appeal from the judgment has been adversely disposed of. Schnittger v. Rose, 139 Cal. 656, 73 Pac. 449. The case of Fulton v. Cox, 40 Cal. 101, is directly in point. It is there held that the dismissal of an appeal from the judgment is no bar to an appeal by the same party from an order denying his motion for a new trial. See, also, Schnck v. Hagar, 24 Minn. 339; Chittenden v. German Am. Bk., 27 Minn. 143, 6 N. W. 773; Ashton v. Thompson, 28 Minn. 330, 9 N. W. 876; Kruger v. Adams & F. H. Co., 9 Neb. 526, 4 N. W. 252; Adams v. Bush, 2 Abb. Prac. (N. S. N. Y.) 104; Lane v. Bailey, 1 Abb. Prac. (N. S. N. Y.) 407; People v. McGuire, 4 Thomp. & C. (N. Y.) 658; Whitney v. Davis, 148 N. Y. 256, 42 N. E. 661; Webster v. Bd. of Supervisors, 47 Wis. 225, 2 N. W. 335.

The relief sought by the order to show cause should be denied, and the order to show cause dismissed.