## R. W. LITTLE v. BEATRICE C. DYER.[1]

November 21, 1930.

No. 27,993.

*Stanley S. Gillam,* for appellant.
*C. E. Purdy* and *Oscar J. Berg,* for respondent.

HOLT, J.

Plaintiff, the payee, sued defendant, the drawer of a check, in the municipal court of Minneapolis. Payment of the check had been stopped. The defenses were nondelivery of the check and want of consideration. In the reply plaintiff alleged that on the day the check was made and delivered plaintiff agreed to sell and defend-

[1]Reported in 233 N. W. 7.

ant agreed to buy certain lake shore property on Big Pelican Lake near Brainerd, and pursuant thereto plaintiff signed and delivered to defendant an earnest money contract containing the terms of the agreement and acknowledging the receipt of $200 of earnest money, and pursuant to said agreement defendant delivered to plaintiff the check in suit, and that plaintiff has at all times been ready, willing, and able to perform his part of the agreement. The court found that the check was made and delivered for value. The appeal is from the judgment in favor of plaintiff.

The facts of which there is no dispute are these: Plaintiff owned 500 feet of shore property, about seven acres in area, on Big Pelican Lake extending to Little Pelican Lake in Crow Wing county, Minnesota. Defendant and her husband were guests of Sol Marquis, who kept a summer resort on the lake, and on or about August 10, 1928, inquired of Marquis if he knew of some property suitable for a home near-by. Marquis suggested plaintiff's property and took them to the premises and showed them the boundaries thereof. They deemed the price of $4,000 not high but asked Marquis if he thought it could be purchased for $500 less. Marquis at once drove over to plaintiff's new home on Big Pelican, not the one shown defendant and her husband, and plaintiff stated he would sell and convey for $3,500 cash, of which $200 should be paid as earnest money and the balance of $3,300 on September 28, 1928. Defendant and her husband then left and mailed the check in suit to Marquis and an earnest money contract for plaintiff to sign. The check was delivered to plaintiff, and he signed the contract which named defendant and her husband as purchasers. The signed contract was mailed to the purchasers and was never returned to plaintiff. Defendant's letter dated August 21, 1928, inclosing the check and contract, addressed to Marquis, so far as here important, reads:

"Herewith the check for $200 to give to Mr. Little, also earnest money contract which he will have to look over and fill in, etc. Mr. Dyer will be away for two weeks. When he returns deal will be completed."

On the 27th of August Mr. Dyer wrote Marquis that his wife had changed her mind about the purchase and that payment had been stopped on the check. Plaintiff testified that he owned the seven acres and was willing, able, and ready to convey good title upon payment of the agreed price.

One of the errors assigned is that the evidence showed the title to land to be involved, ousting the court of jurisdiction and requiring that the action be certified to the district court. Simply raising an issue as to title to land by the pleading does not deprive the municipal court of Minneapolis of jurisdiction. L. 1927, p. 603, c. 424, § 4. We cannot perceive that the evidence raised any controversy as to title to land. There was no attempt to dispute plaintiff's testimony that he owned the land he agreed to sell and that he was ready, able, and willing to convey good title to it for $3,500 on the day named in the earnest money contract. The check in suit represented $200 of the $3,500. The municipal court never reached a point where the evidence involved title to the land. Had the evidence in any manner disputed plaintiff's title to the land shown to defendant and her husband and for which they bargained, the case might have been one for certification to the district court. We think the evidence clearly shows the title to the land did not become involved or in dispute. Nor did the right or the title which defendant and her husband acquired by the contract become involved, for plaintiff stood ready and able to convey good title on payment of the price stated in the contract. He considered he was bound thereby.

Defendant challenges the finding that the check was delivered. It is contended that she was entitled to a finding that it was only delivered to Marquis to be held by him until the happening of a certain event. The trial court had ample ground for finding unconditional delivery from the language of defendant's letter above quoted.

The main point of the appeal is that the earnest money contract is void, hence there is want of consideration. The court found the check was given for value. The contract cannot be said as a matter of law to be of no value. If the description is indefinite it is

susceptitble of reformation. The boundaries were ascertained by the purchasers. The seller's agent pointed them out. Plaintiff signed the contract defendant and her husband prepared and requested him to sign as evidence of the purchase made and for which the check was a part payment. They sent him only one copy for execution. It was signed and returned to them and was retained by them. There is no question about the price or the identity of the property. Plaintiff owned two distinct lake properties so situate that the description in the contract is applicable only to the one shown defendant and her husband. The evidence is undisputed that plaintiff is able, ready, and willing to convey good title to the property. That the description in the contract is faulty is of no consequence in this situation. Had the contract been merely oral to sell and convey this property for $3,500 and $200 thereof had been paid in cash, could defendant, if she thereafter concluded not to buy, have recovered the money so paid when plaintiff stood ready, able, and willing to give good title upon paying the balance of $3,300? We think not. Without considering the many authorities on various legal propositions cited by the learned counsel for appellant, it seems to us that defendant obtained just what she and her husband requested for the check in suit—the earnest money contract prepared by them. That contract is not void. It is of some value. There has not been a failure of the consideration. Latzke v. Albrecht, 113 Minn. 322, 129 N. W. 508. Were it necessary it could be reformed and specifically enforced by defendant and her husband. But that is unnecessary upon this record to consider, for plaintiff is ready and able to convey good title. Defendant acquired some rights under the contract. Wyatt v. Jackson, 55 Minn. 87, 56 N. W. 578. An almost parallel case, except that the contract to sell was oral, is Kinzie v. Harper, 15 Ont. L. Rep. 582, where the verbal agreement to sell was held a sufficient consideration for a check given as part payment.

The only assignment of error that at first blush seems debatable is on the ruling which excluded the offer of defendant to show "that it was understood in the conversations between Mr. and Mrs. Dyer and Sol Marquis that the deal was not to be completed until Mr.

Dyer got back from North Dakota, * * * and that Mrs. Dyer sent the check in Mr. Dyer's absence under misapprehension, and the next morning when she thought it over she felt she had made a mistake and stopped payment on the check until final decision one way or another, and Mr. Marquis so understood it and so testified that there was no deal until Mr. Dyer came home from Dakota." The objection was that it called for the conclusion of the witness and was irrelevant, incompetent, immaterial and an effort by parol to prove conversations which took place both prior and subsequent to the written exhibits.

It seems to us that defendant's letter inclosing the check is so clear that the reference to the return of Mr. Dyer from the trip to North Dakota in two weeks was to complete the deal by paying the balance of the purchase price of $3,300 and receive the deed, and not to paying the earnest money of $200, that the ruling was right.

The judgment is affirmed.

STONE, J. (dissenting).

I dissent, but solely upon the ground that my construction of the record differs from that put upon it by the majority.