WALTER C. COWLES *vs.* WILLIAM P. WARNER.

March 23, 1876.

Statute of Frauds—Contract not to be Performed within a Year.—A parol agreement that by its terms is not to be performed within one year from the making thereof, is within the statute of frauds, and void. Otherwise, if its obligations can be performed within that period.

Same—Variance between Contract Pleaded and that Proved.—The complaint disclosed a contract terminable at the pleasure of either party. On the trial the contract proved by plaintiff was one that by its terms was to continue in force for a period of time longer than one year from the making thereof. *Held,* a fatal variance.

The plaintiff brought this action in the district court for Hennepin county, to recover $1,425.00 damages for the

v.22M—29

breach of an alleged contract, by which, in consideration that plaintiff would open at Minneapolis, for defendant, a branch of Tappan, McKillop & Co.'s Commercial Agency, and canvass and solicit subscriptions therefor, the defendant agreed to furnish and provide, at the joint cost of the parties, all books and stationery necessary to open and maintain such office; the subscriptions to be obtained, and books and stationery furnished, and the office opened, on July 1, 1874. The contract, as alleged, further provided that plaintiff should have the entire annual profits of the business, subject to an annual payment of $150.00 to defendant, until these should exceed $2,500.00 per annum, after which time the excess over $2,500.00 should be divided equally between the parties. The defence was a denial of each allegation of the complaint. At the trial in the district court, before *Vanderburgh*, J., the plaintiff had a verdict for $583.00; a new trial was refused, and defendant appealed.

*W. P. Warner*, for appellant.

*Atwater & Babcock*, for respondent.

CORNELL, J. It is conceded that the contract sued on was a parol contract, no part of which was reduced to writing, or signed by either party. It follows that if by its terms it was not to be performed within one year from the making thereof, it was within the statute of frauds, and no action can be maintained upon it to recover damages for a breach of any of its obligations. Gen. St. ch. 41, § 6. In other words, if the contract was an entirety, and was necessarily to continue in force for a period of time extending beyond the prescribed year, so that its obligations could not be performed within that year, then it was void under the statute. If, however, beginning within the year, it was to continue in force for an indefinite period of time, with the right to either party to terminate it at any moment before the expiration of such year, and its obligations were of such a character that they could all be performed within that period, without contravening any of its terms, then it

was without the statute, and was a valid and binding contract.

No question seems to have been made on the trial but that the establishment and maintenance of the commercial agency mentioned in the complaint, whatever it was, was exclusively within the control of the defendant, and subject to his will, nor does it seem to have been controverted but that the complaint was sufficiently specific in its averments to allow proof of such fact, as well as of the fact that the contract contemplated the maintenance of such an agency, and the prosecution of the business connected therewith, after the opening of the office, for the time and upon the terms mentioned in the complaint. Under these circumstances the court had the right to construe the contract set out in the complaint in the light of these assumed facts.

Thus regarded, the court was, perhaps, warranted in holding that the contract declared on was one for the establishment of the agency at the place indicated; the plaintiff on his part agreeing to procure the requisite subscribers, and, upon being furnished by defendant with the necessary authority, and the books and stationery therefor, at their joint expense, to open the office on July 1, 1874, and thereafter to conduct the business of the agency, upon the terms specified, so long as it might continue; and the defendant on his part agreeing to give such authority, and to furnish such necessary books and stationery in time to open the office; and that such contract was to continue in existence, after the office was opened, during the pleasure of the parties, with the right to either to terminate it at any moment. Such a contract, even though resting in parol, would not be invalid by reason of anything in the statute of frauds, because by its terms it was not necessarily to continue beyond a year.

Upon the trial, however, the plaintiff, in proving the contract, established, as facts uncontroverted, that the contract in question was completed on June 6, 1874, and that it was

to continue in force for at least one full year from and after July 1, 1874. His testimony upon the subject of the duration of the contract is as follows. Speaking of their discussion of the details of the agreement on June 6, he says: "We (plaintiff and defendant) discussed the duration of the contract. He (defendant) said he did not want to make any permanent contract that he could not get rid of. He agreed, if at the end of a year from July 1, 1874, he wished to discontinue the business, he would compensate me (plaintiff) for my disappointment and trouble in leaving the business by fixing a specific sum of $1,000.00 to be paid me at the end of the year, also $25.00 for each subscriber in active operation at the time. * * * If I had seen fit to go out at the end of the year, I was to have $1,000.00 and the amount received from subscribers." This is all the testimony bearing upon this point, and, taken in connection with the subject-matter of the contract, and its other provisions, unmistakably fixes its character as one which by its terms was to continue for at least the definite period of a year from said 1st day of July, and whose obligations could not be fully performed till the full expiration of that time. In this respect it was clearly embraced within the statute of frauds, and void, and was materially variant from the contract described in the complaint. On this ground the defendant's motion for a dismissal of the action, at the close of plaintiff's testimony, should have been granted.

Order reversed and new trial granted.