JESSE P. FARLEY *vs.* NORMAN W. KITTSON and others.

August 24, 1880—October 8, 1880.

Contract—Ratification—Agency—Trust.—Consideration of a certain contract, and of the rights and. duties of the parties thereto. Order sustaining demurrer of one defendant affirmed, and order overruling demurrer of the other defendants reversed.

Practice—Amendment in Supreme Court.—On an appeal to this court from an order sustaining or overruling a demurrer, this court has power, upon affirming or reversing the order appealed from, to grant leave to answer or amend. But this court will rarely exercise such power, but will, as a general rule, leave it to the court below to grant or refuse leave to amend, after the case is remanded.

Plaintiff brought this action in the district court for Ramsey county, against the defendants Norman W. Kittson, James J. Hill, and the St. Paul, Minneapolis & Manitoba Railway Company, to obtain a transfer to himself of one-fifth of the capital stock of the defendant railway company, and one-fifth of all·other securities and property acquired by defendants Kittson and Hill as a result of the transactions stated in the complaint. The grounds of the action against the defendants Kittson and Hill are stated in the opinion. As against the railway company, the complaint alleges, in substance, that the defendants Kittson and Hill, together with Smith and Stephen, had used the mortgage bonds bought by them in paying for the mortgaged lines of railroad at foreclosure sales, and had thereupon organized the defendant railway company, which thereafter· owned and operated such lines, and all the stock in which belonged to the defendants Kittson and Hill and to Smith and Stephen.

The defendants Kittson and Hill appeal from so much of an order of the district court, *Brill*, J., presiding, as overrules their demurrer to the complaint; and the plaintiff appeals from so much of the same order as sustains the demurrer of the railway company.

*Gilman & Clough, Griffith & Knight* and *C. K. Davis,* for plaintiff.

*R. B. Galusha* and *Geo. B. Young,* for defendants Kittson and Hill.

*Bigelow, Flandrau & Clark,* for the defendant railway company.

GILFILLAN, C. J. The claim of plaintiff is based on the agreement, in 1876, between him and the defendants Kittson and Hill, by which the parties to it agreed "that they would jointly undertake, for their joint, mutual, and equal interest, benefit, advantage, and profit, the purchase of" bonds issued by certain railroad companies; "that neither of them would be required to raise or furnish any funds in said enterprise, but the same could be procured from or through said Smith," (one whom Kittson represented he could procure to furnish, by way of loan, the necessary funds;) "that the said Kittson might use or give to the said Smith, or other furnishing the desired funds, a two-fifths, or 40' per cent., interest in said purchase to be made, should it become necessary to do so in borrowing or procuring the necessary funds to carry out said enterprise; but that three-fifths or 60 per cent. interest·in said enterprise and undertaking should be reserved for this plaintiff and said Hill and Kittson—that is to say, one-fifth, or 20 per cent., for each—for their mutual and equal advantage, profit and protection;" and that, subject to said understanding and agreement, "the details of the negotiation for the procuring of the necessary funds, and for the purchase of the said bonds, should be principally conducted and managed by the said defendants Hill and Kittson, and such person or persons as a minority interest in said enterprise might be given to in procuring the necessary funds therefor; and that plaintiff should render such aid or assistance therein, from time to time, as should be required of him, and he be able to give."

The transaction, the fruits of which plaintiff seeks to appropriate to the foregoing agreement, is stated in the com-

plaint as follows: "That thereupon the said defendant Kittson made arrangements with, and procured, the said Donald A. Smith, in conjunction with one George Stephen, to agree to furnish and advance the funds necessary to purchase the said bonds, and carry out said enterprise, and, as plaintiff is informed and believes, the said defendant Kittson, by and with the consent of the defendant Hill, but without the knowledge or consent of the plaintiff, and in violation of the understanding and agreement in respect thereto, before mentioned, agreed with the said Smith and Stephen that they, the said Smith and Stephen, should have and hold for their own use and benefit a three-fifths or 60 per cent. interest in said undertaking and enterprise." Subsequent to this, as the complaint alleges, Smith and Stephen, aided by Hill, Kittson and plaintiff, opened and carried on negotiations for the purchase of said bonds, and, as a result of such negotiations, Smith and Stephen purchased about $20,000,000 in amount of the bonds.

*Prima facie*, the arrangement with Smith and Stephen did not belong to the performance of the agreement between plaintiff and Hill and Kittson. It had no authority from the agreement to support it. It was materially different from any arrangement that agreement contemplated. Plaintiff was not bound by it under that agreement, nor could he claim the benefit of the arrangement as made under that agreement. If, without any new agreement with Hill and Kittson, he could claim the benefit of the arrangement, it could be only through a right to ratify it and a ratification of it. Of course, in ratifying it, he would have to accept it entire—its benefits with its burdens; its advantages with the disadvantages. Plaintiff does not claim any ratification. He still distinctly insists upon his right to repudiate the giving of three instead of two-fifths in the bonds to be purchased, to Smith and Stephen, so far as it may affect him.

But a more important matter is the right to ratify. Except where the principle of estoppel applies—and that is not this

case—there are two classes of cases in which one person may ratify and claim the benefit of an act done by another without his authority. One of these is where such other, in fact, assumes to do the act by his authority, or in his name or behalf, or for his advantage. The other class is where such other, in fact, assumes to act for himself, and for his own benefit, but he stands in such relation to the person claiming the right to ratify that the law inhibits his doing the act except for the benefit of the other. The first belongs to agencies; the latter to trusts. To bring the case within the first of these classes, it must appear that Hill and Kittson, in making the unauthorized arrangement with Smith and Stephen, in fact assumed to do so in behalf or for the advantage of themselves and plaintiff, or upon the authority of the agreement between them. There is no clear averment in the complaint that they did so. Its statements are entirely consistent with the fact that they intended to act, and did act, on their own behalf alone, and independently of their contract with plaintiff, and the transaction itself indicates that they acted for themselves alone. The allegation that the negotiations for the purchase of bonds were aided by plaintiff amounts to nothing on this point, for it does not appear to what extent or in what manner he aided, nor that he aided at the request, or even with the knowledge, of any of the others.

Whether the relations of Hill and Kittson with plaintiff were of such a character that they could not make the arrangement with Smith and Stephen except for his benefit, as well as their own, depends on their contract with him. That contract created a relation of confidence between the parties to it in the matter of the enterprise they agreed on. Out of it there grew a duty on the part of each to the others, with which a negotiation for money to purchase bonds, and the purchase of bonds, on his own account, might be inconsistent. Where, in such case, one acts for his own benefit, inconsistently with his duty to the others, such others may treat such acts as

done by him on their behalf. What was, in effect, the agreement, and how far did it bind each to the others, and impose a duty on him towards them in the matter of procuring money and purchasing bonds? It was not a general, unconditional agreement to prosecute, at all events, the business of purchasing the bonds. Neither of the parties was to put any of his own money into it. The purchases were to be made wholly, if at all, with money to be borrowed. A condition agreed on limited the case in which money for the enterprise was to be borrowed. It was to be borrowed only if it could be got by giving the lender an interest not exceeding two-fifths in the bonds to be purchased. Their undertaking the purchases at all, and the extent to which they should make them, if at all, was made to depend on their ability to borrow, and the amount they should be able to borrow on that condition; so that, if they should be unable to borrow money on that condition, the enterprise would fall, and their agreement come to naught. Had money been obtained, as agreed on, it would have been the duty of the party into whose hands it came to employ it as agreed on, to wit, in the purchase of bonds; and he could not have been allowed, without the assent of the others, to employ it in purchasing for himself. Also, if by reasonable efforts money could have been borrowed on the condition agreed upon, it was the duty especially of Hill and Kittson to procure it on that condition; and in neither case could any one of the parties have properly put himself, acting on his own account, in competition with the undertaking agreed on. But if the contemplated enterprise was abortive, by reason of their inability to procure the money on the agreed condition, there is no rule of law to prevent any of the parties purchasing, or borrowing money to purchase, the bonds on his own account. It is not alleged in the complaint that any money was procured, nor that any could be procured, on the condition of the contract between Hill, Kittson and plaintiff. In the absence of the fact on which the prosecution of the contemplated enterprise depended, there is nothing to show that

Kittson and Hill violated any duty to plaintiff in making, on their own behalf, the arrangement with Smith and Stephen. No ground appears, then, in the complaint, for plaintiff's claim of interest in the bonds. The order sustaining the demurrer of the railroad company defendant is affirmed. The order overruling the demurrer of the other defendants is reversed.

---

After the filing of the foregoing opinion, the plaintiff moved for leave to amend his complaint, and, after argument, the following opinion was filed:

*By the Court.* There were two separate demurrers to the complaint. The court below sustained one demurrer and overruled the other. Plaintiff appealed from the order sustaining the demurrer, and the defendants whose demurrer was overruled appealed from the order overruling their demurrer. This court affirmed the order sustaining the demurrer, and reversed the other. Plaintiff now moves this court to modify its judgment on the orders appealed from, so as to give him leave to amend his complaint in the court below.

We have no doubt of the power of this court to grant the relief asked for; but it ought to be rarely exercised. It is a matter resting in discretion,—a discretion to be guided not alone by the character of the pleadings, but also, in some instances at least, by the prior proceedings in and conduct of the cause. On such appeals as these, only the pleadings and orders come here. We ordinarily know nothing of what other proceedings have been had in the cause. The court below is supposed to know what has been done up to the decision of the demurrers. There is great reason, therefore, why the court below, when the case is remanded, and not this court, should, as a general rule, determine whether a party may have leave to answer or to amend.

Motions denied; but, as this court does not consider their merits, it will be without prejudice to any application which may be made for leave to amend in the court below.