James Iverson *et al.* *vs.* August Cirkel *et al.*

Argued Nov. 17, 1893. Affirmed Jan. 25, 1894.

No. 8480.

| 56 | 299 |
|---|---|
| 82 | 323 |

Pleading the Statute of Frauds; requisites.

At law, as in equity, when by the answer the making of the contract sued upon is admitted, either expressly or by necessary inference, a defendant desiring to have the benefit of the statute of frauds as a defense must claim it in the same pleading.

Construction of an answer—disagreement as to.

Alleged errors in the ruling of the court below when receiving evidence and when refusing to instruct the jury as requested by defendants, of no particular importance, considered, and disposed of.

Mitchell, J., dissenting.

Appeal by defendants, August Cirkel and J. W. Cirkel, from an order of the Municipal Court of the city of Minneapolis, *Stephen Mahoney,* J., made July 8, 1893, denying their motion for a new trial.

The plaintiffs, James Iverson and Fred Iverson, were manufacturers of wagons and carts at Minneapolis. On March 20, 1893, defendants orally ordered plaintiffs to make for them two dump

carts with heavy steel axle and four inch tire and promised to pay $70 for each of them. Plaintiffs made and shipped the carts to defendants at Thorp, Wisconsin. When they arrived defendants refused to receive them. Plaintiffs brought this action to recover the price. The defendants by their answer denied each and every allegation of the complaint and denied that they made the agreement set forth in the complaint. For counterclaim they alleged that on March 20, 1893, plaintiffs contracted with defendants to furnish to them free on board cars at Minneapolis two four wheeled double dump carts for $70 per cart marked and shipped to the defendants at Thorp, Wisconsin, that the carts shipped were not of the kind contracted for, in that they had but two wheels each, and defendants refused to receive them, that by plaintiffs' failure to perform their contract defendants sustained $100 damages for which sum they demanded judgment. The plaintiffs replied, denying the counterclaim. The issues were tried June 7, 1893. After the evidence was all in, the defendants moved the Judge to direct a verdict for defendants on the ground that the contract set forth in the complaint is oral and within the statute of frauds. The Judge refused and defendants excepted. They then requested the Judge to charge the jury that the rule of damages in this case, or the amount plaintiffs are entitled to recover, if anything, is the difference between the cost of making the carts and the price defendants agreed to pay for them. The cost of making the carts is *prima facie* their market value. The Judge declined to so charge and defendants excepted. The jury returned a verdict for plaintiffs and assessed their damages at $141.52. The defendants made a case containing all the evidence given and the requests to charge and their exceptions, and it was settled, signed and filed. On it and the pleadings and verdict, they moved for a new trial, but were denied and they appeal.

*Van Fossen, Frost & Brown,* for appellants.

This was an agreement for the sale of goods, chattels or things in action of the price of $50 or more. There being no memorandum in writing, 1878 G. S. ch. 41, § 7, says it shall be void. *Brown* v. *Sanborn,* 21 Minn. 402; *Hanson* v. *Marsh,* 40 Minn. 1; *Russell* v. *Wisconsin, M. & P. Ry. Co.,* 39 Minn. 145.

The court erred in refusing to give the specific instructions asked for by defendants with respect to the measure of damages. The rule of damages is the difference between the cost of manufacturing and the contract price. This instruction was specifically asked for and was refused by the court. *Rider* v. *Kelley,* 32 Vt. 268.

The allegations of the answer were sufficient to raise the issue as to the statute of frauds. In the case of *Fontaine* v. *Bush,* 40 Minn. 141, this point is effectually disposed of. It was there held that a specific denial of the making of a contract for which the action is brought entitled the defendant to avail himself of this defense. By setting up a counterclaim defendants did not admit plaintiffs' cause of action. They plead a different contract from that set up in plaintiff's complaint and this contract is, like plaintiff's contract, open to the objection that it is within the statute of frauds. Plaintiffs in their reply have denied the making of any such contract. *Morrison* v. *Baker,* 81 N. C. 76; *Argenbright* v. *Campbell,* 3 Hen. & M. 144; *Browning* v. *Berry,* 107 N. C. 231; *Livingston* v. *Smith,* 14 How. Pr. 490; *Haight* v. *Child,* 34 Barb. 186.

Assuming the contract set forth in defendants' answer is the same, though differing in terms from the one set forth in plaintiffs' complaint, nevertheless defendants only waive the statute of frauds as to the exact contract which they themselves have set up in their answer. But in addition, in the present case, defendants have specifically denied the making of the contract plaintiffs sue on.

*Albee Smith,* for respondents.

If the contract is within the statute of frauds the defendants must take advantage of it by their pleading and ask to avoid it as coming under this statute or else deny the contract. They did not seek or ask anything of the kind, but rather sought to enforce it by claiming that the contract between the parties had not been complied with, and asked for damages under it. Instead of claiming or asking to avoid it they ratified it and asked for judgment on account of it. To profit by the statute of frauds they must either deny the contract or admit the contract and ask to have it avoided as without force. These parties did neither. The jury were asked to find what the con-

tract was, whether as plaintiffs claimed it or as defendants claimed it, and they found it to be as plaintiffs claimed it to be.　Both were talking of one contract.

COLLINS, J.　Defendants' counsel have made an able and exhaustive argument in support of their claim that the contract on which plaintiffs seek to recover was within the statute of frauds, 1878, G. S. ch. 41, § 7, and void, but the question is not before us for determination.　Had counsel intended to rely upon the statute as a defense, they should have done one of two things:　They should have rested upon the general denial found in the answer, which denial was sufficient to put plaintiffs upon proof of a valid agreement, *Fontaine* v. *Bush*, 40 Minn. 141, (41 N. W. 465,) or they should have qualified their further allegations respecting the contract which they alleged was made with plaintiffs.　The latter averred in the complaint that the contract between the parties was for the manufacture and shipment to the former of two dump carts at an agreed price of $140. In the answer the making of a contract for two dump carts was admitted and expressly alleged.　The real issue tendered by the pleadings was whether these carts were to have two or four wheels. Those made and shipped had but two, while defendants contended that the carts ordered by them, and which plaintiffs agreed to furnish, were to have four wheels each; that is, the forward wheels, to which the body of the cart, resting on the hind wheels, is connected by means of a short reach, were included, and were to be furnished. Because of plaintiffs' failure to furnish these forward wheels the defendants counterclaimed for damages, and upon the trial were allowed to introduce testimony tending to sustain such counterclaim. Instead of seeking to avoid the contract sued upon as within the statute, the answer must be construed—and the parties so construed it upon the trial—as admitting it.　The defendants affirmed its validity, and insisted upon its enforcement to the extent of a recovery for damages said to have resulted to them because plaintiffs had failed to perform.　That they might confess the making of the agreement, when answering, and at the same time, through proper allegations, insist upon the benefit of the statute, is not doubted; but this, taking the whole answer together, they did not do.　At law, as well as in equity, it is clear that where by the answer the making

of the contract is admitted, either expressly or by necessary inference, a defendant desiring to have the benefit of the statute of frauds must claim it in the same pleading. Wood, St. Frauds, § 537; 2 Reed, St. Frauds, § 529, and cases cited. As we construe the answer, the cases cited by appellants, to the effect that where the making of the contract alleged in the complaint is denied, generally or specifically, in the answer, but the making of an entirely different contract is averred, the plaintiff cannot recover without producing legal evidence of the making of the contract he relies on, are not in point.

The court did not err when permitting witnesses, who were manufacturers of dump carts, to state what constituted such a vehicle in the place where these dump carts were ordered and made. The plaintiffs contended that such a cart consisted of a box set up on a single axle with two wheels, which could be coupled to independent froward wheels when about to be moved, and detached from those wheels for unloading or "dumping" the contents. The defendants insisted, as above stated, that these forward wheels were part of the cart. While the testimony may not have been important,—for a four-wheeled cart would be a singular affair,—it was competent. It did not involve a question of "custom," as counsel argue.

The refusal of the court to give the defendants' requests was correct. This action was brought to recover the agreed price for the carts which plaintiffs had made and shipped on contract, and was not an action to recover damages for a breach of the contract. Order affirmed.

MITCHELL, J., (dissenting.) The opinion of the court proceeds upon the assumption that the answer admits the making of the contract alleged in the complaint, and therefore that the only controversy was as to the meaning of its terms, to wit, whether "dump cart" meant a two-wheeled or a four-wheeled cart. If the premise was correct, the conclusion would undoubtedly be so, for oral evidence as to the meaning of the term "dump cart" would be equally admissible whether the contract was in writing or verbal.

But it seems to me that the premise is not correct.

The complaint alleges that the contract was for "two dump carts," which, in the absence of any qualifying words, means, as plain-

tiff claims, two-wheeled carts. The answer denies the making of any such contract, and alleges that the contract was for four-wheeled carts. Hence the parties were at issue, not as to the meaning of the words "dump cart," but as to the expressed terms of their parol agreement; and the only way of determining which is right is by hearing the oral evidence of witnesses, which was the very mischief the statute was designed to prevent.

And where a defendant thus denies the contract alleged in the complaint, and sets up a different contract in his answer, the rule, as I understand it, is that he may take advantage of the statute of frauds on the trial, either by objection to the competency of plaintiffs' oral evidence when offered, or by the objection, after its admission, that it does not prove any valid contract.

(Opinion published 57 N. W. Rep. 800.)

Application for reargument denied January 31, 1894.