## Daniel Hogan v. Melancthon Easterday.

1. STATUTE OF FRAUDS—*Must be Pleaded—Waiver.*—Where the
statute of frauds is not pleaded, or in any manner expressly relied upon
as a defense during the trial, its protection is waived and it is too late
to raise the question for the first time on a motion for a new trial or on
error or appeal.

Assumpsit for money had and received. ·Appeal from the Circuit
Court of Alexander County; the Hon. OLIVER A. HARKER, Judge, pre-
siding. Declaration; common counts and plea of the general issue;
trial by jury; verdict and judgment for the plaintiff; appeal by de-
fendant. Submitted at the August term, 1894. Affirmed. Opinion
filed March 23, 1895.

GREEN & GILBERT and WALTER WARDER, attorneys for
appellant.

BOYER & BUTLER, attorneys for appellee.

MR. PRESIDING JUSTICE SCOFIELD DELIVERED THE OPINION
OF THE COURT.

Appellee recovered a judgment against appellant for the
balance of $270, alleged to be due him as one-half of the
profits on the purchase and sale of certain real estate, under
an agreement between the two men that they should share
equally in the profits of the transaction.

There was a sharp conflict of the evidence as to whether
or not this was the agreement, but the evidence unquestion-
ably justified the finding of the jury in appellee's favor upon
this point.

It is insisted, however, that even though such an agree-
ment may have been made, a full settlement between the
parties was afterward effected upon a full disclosure of the
facts, whereby appellee accepted a certain sum of money as
the balance due him. This, if true, certainly constituted a
defense to the action.

Appellant sold the land for railroad purposes for $825.
In order that others might be deceived into selling their

land at a low price, the railroad agent caused the consideration to be stated in the deed at $250. Appellant telephoned appellee that he had sold the land for $250. After the railroad company had completed the purchase of such other lands as they desired, another deed was made for the land in question, which stated the true consideration. There is no dispute between the parties as to these facts.

Appellee swears that appellant kept him in ignorance of the real consideration for the land till after the alleged settlement had been made; that the settlement was made upon the basis of the consideration named in the first deed, appellant, even at the time of the settlement, declaring that this was the amount actually received. Appellant swears to a contrary state of facts. There is evidence tending to corroborate each of the parties.

Upon the whole record, therefore, the verdict of the jury is not manifestly against the weight of the evidence on the question of settlement. On the contrary, the verdict is abundantly justified by the evidence.

The claim made upon the trial that this was a partnership transaction, and for that reason, cognizable only by a court of equity, has been abandoned in view of the law on this point as laid down by the Supreme Court in Morton v. Nelson et al., 145 Ill. 586.

It is argued that the statute of frauds is a bar to this action. The statute of frauds was not pleaded, nor was it in any manner expressly relied upon as a defense during the trial. In such case, the protection of the statute is waived, and it is too late to raise the question for the first time on motion for a new trial, or on error, or appeal. Finucan et al. v. Kendig et al., 109 Ill. 198; Gordon et al. v. Reynolds, 114 Ill. 118; Chicago Attachment Co. v. Davis Sewing Machine Co., 142 Ill. 171.

There is no material error in the rulings of the court in giving and refusing instructions. The instructions given, when considered together, presented the law with sufficient accuracy to enable the jury to fairly and properly pass upon the issues.

The judgment of the Circuit Court is affirmed.