MARTIN LALLY v. CROOKSTON LUMBER COMPANY.[1]

January 17, 1902..

Nos. 12,819—(171).

### Statute of Frauds—Contract of Hiring.

A verbal contract of hiring for the period of one year, where the term is to commence at a future time, and cannot be fully performed within a year, is voidable, under the statute of frauds (G. S. 1894, § 4209, subd. 1).

### Partial Performance—Compensation.

While such contract is voidable, yet, if acted upon by the parties while it retains the element of nonenforceability, it furnishes the means of ascertaining the amount of compensation for what may have been done under it, and if the services contemplated are fully completed, the compensation provided for therein may be recovered. Spinney v. Hill, 81 Minn. 316.

[1] Reported in 88 N. W. 846.

Payment for Services—Inference.

But it is not, however, permissible, upon such a nonenforceable contract, as in the case at bar, to imply, by a continuance of labor on one side, and the payment for services on the other, a new period of service for the same term as of the first invalid agreement.

Action in the district court for Polk county to recover $1,242.50 for breach of contract of hiring. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of plaintiff for $1,200. From an order denying a motion for judgment in its favor notwithstanding the verdict or for a new trial, defendant appealed. Reversed, and new trial granted.

*H. Steenerson, Charles Loring* and *William A. Lancaster,* for appellant.

*Montague & Morrison,* for respondent.

LOVELY, J.

This action is to recover for defendant's alleged breach of a contract to hire plaintiff as its mill superintendent for a year. Plaintiff had a verdict. Defendant, upon a settled case, moved for a new trial, which was denied. From this order it appeals.

Under our view, admitted facts relative to the terms of hiring, in connection with the instructions of the court to the jury, are determinative of this appeal, and it is only necessary to call attention to the same very briefly: Previous to December 15, 1897, the firm of Shevlin & Hixon purchased the Red River Lumber Company's mill at Crookston. A few days before such purchase, T. H. Shevlin, one of the firm, had a talk with plaintiff, wherein it is claimed that for his firm he hired plaintiff for one year, and the term of service was to commence on the subsequent December 15, at a salary of $1,500 per annum. It is a matter of contention, on the facts, whether the hiring was for a year or for an indefinite period; but as we view the evidence in this respect, it would support the claim of the plaintiff, to the effect that he was actually hired for a year; but there is no doubt, either upon the claim of plaintiff or defendant, that the talk between T. H. Shevlin and plaintiff, in which such contract was made, and which is the sole basis of plaintiff's asserted claim of a yearly hiring, was had

previous to December 15, 1897, so that the term for one year was to commence on a day later than that date. On January 20, 1898 (the year following), the Red River Lumber Company's business, then run by Shevlin & Hixon, was incorporated as the Crookston Lumber Company. Plaintiff continued his work as superintendent until February 1, 1899, when he was discharged by defendant, and, after properly tendering his services for further work, was relieved and retired from the charge of defendant's mill. Upon the theory (which was adopted by the trial court) that, having continued his work for the Crookston Lumber Company after December 15, 1898 (the end of his first year after the change of ownership), the contract of hiring was thereby extended to December 15, 1899, plaintiff waited until that time, and then brought this action to recover damages for the breach of his alleged contract for the unexpired part of the year's service.

The contract through T. H. Shevlin with plaintiff was, as above stated, verbal. It undoubtedly provided that the yearly period of plaintiff's services was to commence in the future, and therefore required for its performance a longer period than a year. Hence it was within the provisions of the statute of frauds (G. S. 1894, § 4209). Under these circumstances, such agreement could not have been enforced, but might establish for a part or even full performance thereof a claim commensurate with the period of actual services rendered by plaintiff. It was in fact such an agreement as would simply be regarded as legally nonenforceable, but not absolutely void, and might control the rights of the parties with respect to what had been actually done under it, so far, at least, as measure of compensation was concerned. Spinney v. Hill, 81 Minn. 316, 84 N. W. 116. Under the application of this recent case, the situation of the parties would be determined, for assuming, as claimed by plaintiff, that he made a contract before December 15 for a year's hiring, to commence on December 15, and that he worked a year and a month longer, while the contract would be legally nonenforceable, yet, if it had been performed, it gave plaintiff a right to recover his salary; the defendant having the right to terminate the term of service by payment of the amount then due.

The trial court, in its instructions to the jury, stated, in substance, that an analogy existed between the case of yearly rental between landlord and tenant and that of a hiring between master and servant, holding that while there was in fact no new express agreement on December 15, 1898, yet, under the previous year's transactions between the parties, if continued, there would be created by implication another period of hiring for a year. In other words, the court authorized the jury to find, in view of the facts as above stated, that, if plaintiff continued in his employment with the consent of the defendant after the year, a new and valid contract was created thereby, which was enforceable by plaintiff for another year's work, or until December 15, 1899; hence that the same rule of damages would apply as if there had been a valid new contract for a year's employment from December 15, 1898; but as said in Spinney v. Hill, supra, under the nonenforceable contract passed upon in that case, the rights were limited and determinable by either party, and it seems plainly to follow that under such an agreement a legal term of service could not be created by implication upon one that was invalid. Such implication could create nothing more than what legally existed and was enforceable. In other words, if such implication could create another term by continued services without a new contract, it could enlarge the original agreement. To accomplish this, a new and valid contract would have to be made.

In view of this disposition of the case, other assignments involving other questions need not be considered.

The order appealed from is reversed, and a new trial granted.