## CHRISTINE HARALDSON v. JOHN KNUTSON, AS ADMINISTRATOR, ETC.[1]

March 14, 1919.

No. 21,123.

**Antenuptial contract.**

    1. An oral agreement entered into and reduced to writing before marriage and signed after marriage, *held* to have effect as an antenuptial contract, upon which an action may be maintained.

**Same — oral agreement voidable.**

    2. An oral antenuptial agreement is voidable under the statute of frauds, but not void.

**Pleading — motion for leave to answer.**

    3. Where, upon appeal, a demurrer to a complaint is overruled, application for leave to answer should be made to the trial court.

Action in the district court for Murray county against the administrator of the estate of G. Haraldson, deceased, to recover all the personal property belonging to the intestate and a certain lot of land mentioned in the opinion. Defendants interposed a demurrer to the amended complaint. The demurrer was sustained, Nelson, J. From the order sustaining the demurrer, plaintiff appealed. Reversed.

*M. J. Harrington* and *Murphy & Anderson,* for appellant.

*O. Swanjord* and *C. T. Howard,* for respondents.

QUINN, J.

Defendants interposed a general demurrer to the amended complaint which was sustained. Plaintiff appealed. The sufficiency of the pleading depends upon whether an action can be maintained to enforce the contract therein set forth.

It appears from the face of the pleading that, on August 7, 1912, one Haraldson and the plaintiff, in contemplation of marriage, proposed entering into an antenuptial contract, thereby settling upon plaintiff a certain lot or parcel of real estate then owned by her intended hus-

[1]Reported in 171 N. W. 201.

band, and such personal property as he might possess at the time of his death in case she survive and be then living with him as his wife; otherwise all claim or right to demand or receive said property or any part thereof on her account, either under the contract or from his estate, to terminate. The agreement was reduced to writing at the time it was entered into, but through some inadvertence was not signed. The parties were married on the twentieth and on the twenty-eighth day of that month the writing, without any change except as to its date, was signed, sealed, witnessed and acknowledged and on September 16 following filed for record in the office of the register of deeds.

The parties lived together until May 15, 1917, when the husband died, intestate, leaving him surviving Bennie Haraldson, his son by a former marriage, and the plaintiff, as his sole heirs at law. At his death Haraldson owned the lot referred to and personal property of the value of $11,781.20, consisting principally of money in a bank. There were no debts. At the time of the commencement of this action the defendant, Knutson, as the representative of Haraldson's estate, had possession of the property.

It is clear from a reading of the instrument, that the agreement was in consideration of marriage. It could only be consummated by the marriage of the plaintiff and Haraldson, and her living with him during the remainder of his life. It is urged in support of the demurrer that the agreement is of no avail, under the statute of frauds, not having been signed prior to the marriage. We are unable to agree with this contention.

A marriage settlement is not required to be in writing or signed in the absence of a statute to that effect. Gackenbach v. Brouse, 4 Watts & S. 546 (Pa.) 39 Am. Dec. 104. The statute of frauds (G. S. 1913, § 6998), provides that no action shall be maintained upon any agreement, promise, or undertaking made upon consideration of marriage, except mutual promises to marry, unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party charged therewith. The provision is, that no action shall be maintained upon any agreement, etc. It does not render such agreement void if it be not in writing or signed. It merely forbids or prohibits the maintenance of an action thereon. The statute

does not render the agreement a nullity, except for the purpose of maintaining an action thereon for its enforcement. Browne, Statute of Frauds, § 224. Philbrook v. Belknap, 8. Vt. 383, 386; Crane v. Gough, 4 Md. 316, 332; La Du-King Mnfg. Co. v. La Du, 36 Minn. 473, 31 N. W. 938; Kriger v. Leppel, 42 Minn. 6, 43 N. W. 484; Slingerland v. Slingerland, 39 Minn. 197, 39 N. W. 146; Spinney v. Hill, 81 Minn. 316, 84 N. W. 116. The statute does not interfere with such a contract being carried into effect if the parties choose so to do. It operates on the agreement only while it is executory. The distinction, where a statute declares a contract void if not made in compliance with its provisions, and where it provides that no action shall be maintained thereon, is clear.

In New York, Wisconsin and other of the states, it has been held that an oral antenuptial agreement, though reduced to writing and properly executed after marriage, is still void under the statute of frauds. Hunt v. Hunt, 171 N. Y. 396, 64 N. E. 159, 59 L.R.A. 306; Rowell v. Barber, 142 Wis. 304, 125 N. W. 937, 27 L.R.A.(N.S.) 1140; Brandeis v. Neustadtl, 13 Wis. 142. There is a very full discussion of the question in the case last cited. In these states the statutes differ from ours in that they expressly render such an agreement void. Such is not the case before us. Our statute does not make such a contract void. It simply renders the contract nonactionable or nonenforceable in the courts. This difference is vital as pointed out by Chief Justice Dixon in Brandeis v. Neustadtl, supra.

The statute does not provide when the note or memorandum shall be signed. It need not be contemporaneous with the making of the agreement. It is only necessary that the evidence of the agreement be put in that form before any action can be maintained upon it. Browne, 224. It has been held in Iowa and Indiana, under statutes similar to ours, that if, after making an oral antenuptial agreement, the parties after marriage reduce it to writing and therein recognize and give effect to the oral agreement, the written instrument will be given effect as an antenuptial contract, though signed after marriage. Kohl v. Frederick, 115 Iowa, 517, 88 N. W. 1055; Frazer v. Andrews, 134 Iowa, 621, 112 N. W. 92, 11 L.R.A.(N.S.) 593, 13 Ann. Cas. 556; Buffington v. Buffington, 151 Ind. 200, 51 N. E. 328. The instrument in question, executed as

it is admitted it was, should be given effect as an antenuptial contract.

The order sustaining the demurrer is reversed. Application for leave to answer should be made to the court below. Farley v. Kittson, 27 Minn. 102, 6 N. W. 450, 7 N. W. 267.

Reversed.