## CORNELIUS H. BORCHARDT v. APOLONIA KULICK AND ANOTHER, *d. b. a.* KULICK MOTOR SALES.[1]

June 8, 1951.

No. 35,409.

[1]Reported in 48 N. W. (2d) 318.

*Ryan, Ryan, Ryan & Ebert,* for appellant.
*Carl E. Erickson,* for respondent.

KNUTSON, JUSTICE.

Appeal from an order denying defendant's alternative motion for judgment notwithstanding the verdict or for a new trial.

This action was brought by plaintiff against Apolonia Kulick and Alex Kulick, on the theory that they were partners in the operation of a garage in Brainerd, Minnesota, to recover for an alleged breach of an oral contract to employ plaintiff as a mechanic or foreman for a period of one year from July 1, 1948. Plaintiff recovered a verdict against Apolonia Kulick only, so she will be referred to hereinafter as defendant.

It is plaintiff's contention, and his complaint so alleges, that on or about June 26, 1948, plaintiff and defendant entered into an oral

contract under the terms of which defendant agreed to employ plaintiff as foreman in her garage for a period of one year from July 1, 1948; that in consideration thereof he gave up the job he then held and commenced to work for defendant; that he was to work 50 hours a week; and that he was to receive $80 per week as wages, pay for holidays, a bonus of $50 at the end of each three-month period, the privilege of purchasing at cost the first Plymouth automobile of a designated type that arrived, and two weeks' vacation with pay at the end of the year. He then alleges and contends that at first he was paid according to the agreement, but that in December defendant began cutting his wages, refused to pay him for holidays, and refused to pay the promised bonus. He contends also that defendant refused to permit him to purchase a Plymouth automobile at cost, although such automobiles were received and were available, and that as a result of this failure to live up to the contract he quit work on January 8, 1949. He seeks to recover damages for breach of the contract.

Defendant admits that plaintiff was employed as he claims, but denies that the agreement was to run for a period of one year. She contends that his services were unsatisfactory; that on or about December 1, 1948, a new agreement was entered into at a reduced rate of pay; and that plaintiff was later discharged on account of the unsatisfactory nature of his services. She contends that he has been paid in full. The answer contains a general denial, as well as allegations setting forth the claims above mentioned.

Defendant now contends that the oral contract was within the statute of frauds and that the trial court erred in denying her motion for a directed verdict at the close of the case.

Defendant made no objection to the introduction of evidence at the opening of the trial, nor was the statute of frauds mentioned during the trial. Evidence of the oral contract was received without objection. No motion for a dismissal or directed verdict was made at the close of plaintiff's case, but when both parties rested defendant did move for a directed verdict upon the ground, among others, "that under all the evidence adduced in the case the plain-

tiff has failed to prove a cause of action alleged in his complaint or any cause of action whatsoever, against the defendants or either of them." The statute of frauds was not specifically mentioned in such motion. No request for instructions on the statute of frauds was made, and the court did not instruct the jury thereon. At the close of the court's instructions, counsel were asked if there were any exceptions. None were taken by counsel for either of the parties.

The statute of frauds was not specifically mentioned in the motion for judgment notwithstanding the verdict or for a new trial, but from the trial court's memorandum to its order denying the motion we assume that the matter was argued under the general statement that the verdict is contrary to law.

■ It is the general rule that instructions unobjected to become the law of the case and, whether right or wrong, must, for the purposes of an appeal, be taken as the law of the case. Kane v. Locke, 216 Minn. 170, 12 N. W. (2d) 495; Farnham v. Pepper, 193 Minn. 222, 258 N. W. 293; 1 Dunnell, Dig. & Supp. § 404. But this rule is not applicable where the record shows conclusively that the party recovering is not entitled to recover under any view of the law, as where the complaint shows conclusively that it cannot be helped by proof or amendment and that there is no cause of action. White v. Western Assur. Co. 52 Minn. 352, 54 N. W. 195; C. M. & St. P. Ry. Co. v. Sprague, 140 Minn. 1, 167 N. W. 124.

■ It therefore becomes important to determine whether there is any right to recover on an oral contract within the statute of frauds. This depends to a large extent on a determination of whether such contracts are void in the strict sense that no contract ever comes into being or is unenforceable or voidable at the option of the party sought to be charged.

The trial court was of the opinion that the evidence was conflicting on the question of when the contract was entered into, but the complaint alleges that it was made on June 26 and that the work was to commence on July 1. We shall assume, therefore, that the contract was not to be performed within one year and was within

the statute of frauds. A contract for one year's services, commencing on the date of the contract, is not within the statute (O'Donnell v. Daily News Co. 119 Minn. 378, 138 N. W. 677), but an oral contract for the performance of services for a term of one year, to begin in the future, is within the statute of frauds. Lally v. Crookston Lbr. Co. 85 Minn. 257, 88 N. W. 846. Where the terms of a contract are reaffirmed on the date when the employe is to report for work and are to extend for a period of one year from that date, the contract is not within the statute of frauds. See, Restatement, Contracts, § 198, *illustration* 7.

■ The authorities in this country on the application and effect of our statute of frauds on the trial of an action based on a contract which comes within one of its provisions are far from uniform and likewise far from clear.[2] An examination of our cases indicates that they are likewise quite unsatisfactory.[3]

In considering our cases, we must keep in mind the language of three sections of our statute of frauds. M. S. A. 513.01 reads:

*"No action shall be maintained,* in either of the following cases, upon any agreement, unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party charged therewith:

"(1) Every agreement that by its terms is not to be performed within one year from the making thereof;

"(2) Every special promise to answer for the debt, default, or doings of another;

"(3) Every agreement, promise, or undertaking made upon consideration of marriage, except mutual promises to marry;

"(4) Every agreement, promise or undertaking to pay a debt which has been discharged by bankruptcy or insolvency proceedings." (Italics supplied.)

---

[2] See, Lorenzen, *The Statute of Frauds and the Conflict of Laws,* 32 Yale L. J. 311.

[3] See, Kingsley, *Statute of Frauds,* 14 Minn. L. Rev. 746; 11 Minn. L. Rev. 50–53; 10 Minn. L. Rev. 268; 11 Minn. L. Rev. 78.

This section was originally Pub. Stat. 1849-1858, c. 50, § 2, which read:

"In the following cases, every agreement *shall be void,* unless such agreement, or some note or memorandum thereof expressing the consideration, be in writing, and subscribed by the party charged therewith:

"1. Every agreement that by the terms is not to be performed within one year from the making thereof;

"2. Every special promise to answer for the debt, default or miscarriage of another person;

"3. Every agreement, promise or undertaking, made upon consideration of marriage, except mutual promise to marry." (Italics supplied.)

This section was taken verbatim from our territorial laws. R. S. 1851, c. 63, § 2. By G. S. 1866, c. 41, § 6, the language was changed so that it is identical with our present § 513.01, and it has remained so without change since that time, except that paragraph (4) was added by R. L. 1905, c. 68, § 3483.

M. S. A. 512.04 is derived from Pub. Stat. 1849-1858, c. 50, § 3, where it read as follows:

"Every contract for the sale of any goods, chattels or things in action, for the price of fifty dollars or more, *shall be void,* unless,

"1. A note or memorandum of such contract, be made in writing and subscribed by the parties to be charged therewith; or,

"2. Unless the buyer shall accept and receive part of such goods, or the evidence, or some of them, of such things in action; or,

"3. Unless the buyer shall at the time pay some part of the purchase money." (Italics supplied.)

The portion of this section shown in italics was the same under our territorial laws. R. S. 1851, c. 63, § 3. It remained the same (G. S. 1913, § 6999) until it was superseded by the adoption of our uniform sales act, L. 1917, c. 465, § 4,[4] where the language was changed to read as follows:

---

[4]See, Sargent v. Bryan, 153 Minn. 198, 189 N. W. 935.

"(1) A contract to sell or a sale of any goods or choses in action of the value of fifty dollars or upwards *shall not be enforceable* by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf.

"(2) The provisions of this section apply to every such contract or sale, notwithstanding that the goods may be intended to be delivered at some future time or may not at the time of such contract or sale be actually made, procured, or provided, or fit or ready for delivery, or some act may be requisite for the making or completing thereof, or rendering the same fit for delivery; but if the goods are to be manufactured by the seller especially for the buyer and are not suitable for sale to others in the ordinary course of the seller's business, the provisions of this section shall not apply.

"(3) There is an acceptance of goods within the meaning of this section when the buyer, either before or after delivery of the goods, expresses by words or conduct his assent to becoming the owner of those specific goods." (Italics supplied.)

This section has remained the same up until this time. § 512.04.[5]

Halloran v. Jacob Schmidt Brg. Co. 137 Minn. 141, 162 N. W. 1082, L. R. A. 1917E, 777, was an action on a contract executed in Iowa and sufficient under the statute of frauds of that state, but in-

---

[5] The language of our statute prior to 1917 differed from the English statute of frauds, in that we provided that contracts within it shall be void, whereas the English statute used the language, "no contract for the sale of any goods, * * * shall be allowed to be good, * * *." 29 Car. II, c. 3, § 17 (8 Stat. at Large, p. 408). It is interesting to note that when G. S. 1913, § 6999, was superseded by L. 1917, c. 465, § 4 (now § 512.04), the words "shall be void" were changed to read, "A contract * * * shall not be enforceable by action," much the same as the language used in G. S. 1913, § 6998 (now § 513.01). This language is taken verbatim from the English Sale of Goods Act, 1893 (56 & 57 Vict. c. 71, § 4). See, 22 Halsbury's Stat. of England (2 ed.) p. 982.

sufficient under our statute. The question involved was whether the statute of frauds was substantive so as to be controlled by the law of the state where the contract was made or procedural so as to be controlled by the law of the forum. We refused to follow the leading English case of Leroux v. Brown, 12 C. B. 801. That case involved an action brought in England on a contract made and to be performed in France. The English court held that the statute pertained to procedure and that an action could not be maintained on a contract made in France and valid under its law, but unenforceable within the English statute of frauds. 29 Car. II, c. 3, § 4 (8 Stat. at Large, p. 405). The English statute provided that "no action shall be brought" upon any agreement not to be performed within one year, and is identical in language with our § 513.01. It is clear that this section has descended to us from the English statute of frauds (29 Car. II, c. 3, § 4 [8 Stat. at Large, p. 405]). Hatlestad v. Mutual Trust L. Ins. Co. 197 Minn. 640, 268 N. W. 665; Sleeth v. Sampson, 237 N. Y. 69, 142 N. E. 355, 30 A. L. R. 1400. We held in the Halloran case that the statute of frauds was substantive and that the action could be maintained even though the contract under our statute of frauds was insufficient. That case involved a guaranty within the provisions of G. S. 1913, § 6998 (§ 513.01). We also said that no distinction could be made between § 6998 (§ 513.01) and § 6999 (our old section dealing with the sale of goods), because the first provides that "No action shall be maintained," and the second that contracts within its scope shall be void.

About two years after the decision in the Halloran case, we decided the case of Haraldson v. Knutson, 142 Minn. 109, 171 N. W. 201, involving an action upon a contract within § 513.01(3). Without referring to the Halloran case, we said (142 Minn. 110, 171 N. W. 201):

"* * * The provision is, that no action shall be maintained upon any agreement, etc. It does not render such agreement void if it be not in writing or signed. It merely forbids or prohibits the maintenance of an action thereon. The statute does not render the

agreement a nullity, except for the purpose of maintaining an action thereon for its enforcement. * * *

"* * * Our statute does not make such a contract void. It simply renders the contract nonactionable or nonenforceable in the courts."

In the Haraldson case, we relied upon the distinction pointed out by Mr. Chief Justice Dixon in Brandeis v. Neustadtl, 13 Wis. 158. The Brandeis case involved a contract to convey real estate *void* under the Wisconsin statute. The court held that there is a plain and most important difference between the phraseology of the English statute (29 Car. II) and the statutes of most of the states, where it is provided that (13 Wis. 163) "no action shall be brought upon any contract," and the Wisconsin statute which provides that they shall be void. The court said (13 Wis. 165):

"* * * Accordingly, where those statutes [which provide that no action shall be brought on them unless in writing] prevail, contracts which were legal and actionable before the statute, are legal still, and they may be acted on and enforced by the courts whenever the proofs consist of such writings as the statutes require. But the effect of statutes which reach contracts themselves, and make them void, is widely different from that of those which extend to the remedy only, and make them simply not actionable."

In Oxborough v. St. Martin, 169 Minn. 72, 210 N. W. 854, 49 A. L. R. 1115, we cited the Halloran case for the proposition that there is no distinction insofar as admissibility of the oral contract is concerned, whether it is void or merely unenforceable. But in that case we held that even in cases involving leases void under our statute the oral lease measures the recovery where the tenant has held possession. With respect to contracts generally which fall within the statute of frauds, we said (169 Minn. 73, 210 N. W. 854):

"* * * It is not morally wrong to make or keep an oral agreement that falls within the statute of frauds, nor is there any statute which forbids entering such a contract."

In Matson v. Bauman, 139 Minn. 296, 166 N. W. 343, we followed the Halloran case in holding that a contract made and to be performed in another state by parties residing therein is controlled as to the sufficiency of the written agreement by the law of the state where it is made.

In a number of cases we have held that oral contracts for the performance of services within § 513.01 are not void, but merely unenforceable. La Du-King Mfg. Co. v. La Du, 36 Minn. 473, 31 N. W. 938; Kriger v. Leppel, 42 Minn. 6, 43 N. W. 484; Lally v. Crookston Lbr. Co. 85 Minn. 257, 88 N. W. 846 (the court's syllabus states that the contract is *voidable*); Spinney v. Hill, 81 Minn. 316, 84 N. W. 116 (where we state that our decisions are in accord with the decisions in England); 6 Dunnell, Dig. & Supp. § 8858.

In Jellett v. Rhode, 43 Minn. 166, 45 N. W. 13, 7 L. R. A. 671, we held that an oral lease for one year to commence *in futuro* was *invalid* under G. S. 1878, c. 41, § 6(1), (now § 513.01[1]).

In Cram v. Thompson, 87 Minn. 172, 173, 91 N. W. 483, following Jellett v. Rhode, *supra,* we held that an oral agreement for the future execution of a lease was void, "as it was not in writing, and could not be performed within a year," which apparently brought it within § 513.01(1).

In Johnson v. Albertson, 51 Minn. 333, 53 N. W. 642, we again followed the Jellett case, holding that an oral lease not to be performed within a year is void.

Oral contracts for the sale of goods within G. S. 1913, § 6999, and the preceding statute from which it is taken, have been held to be void. Waite v. McKelvy, 71 Minn. 167, 72 N. W. 727; Laybourn v. Zinns, 92 Minn. 208, 99 N. W. 798; Bowers v. Whitney, 88 Minn. 168, 92 N. W. 540; Fontaine v. Bush, 40 Minn. 141, 41 N. W. 465.

In In re Estate of Roberts, 202 Minn. 217, 277 N. W. 549, involving an action on an oral agreement to devise real estate, we held that it was within the statute (Mason St. 1927, § 8456 [now M. S. A. 513.01] and § 8459 [now § 513.04]), and we said that damages for breach of the contract cannot be recovered by action in any court.

In Hatlestad v. Mutual Trust L. Ins. Co. 197 Minn. 640, 642, 268 N. W. 665, 666, which involved a contract within the provisions of Mason St. 1927, §§ 8459 and 8460, we said that the contract "is unenforceable if not void."

Section 513.04, which is identical with Pub. Stat. 1849-1858, c. 49, §§ 6 and 7, and § 513.05, which is substantially the same as Pub. Stat. 1849-1858, c. 49, §§ 8 and 9, deal with the conveyance of real estate. While they are not particularly important in connection with this examination of the cases, the language of the two sections should be kept in mind. Section 513.04 provides:

"No estate or interest in lands, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, * * *."

Section 513.05 provides:

"Every contract for the leasing for a longer period than one year or for the sale of any lands, or any interest in lands, shall be void unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing * * *."

In Rogers v. Stevenson, 16 Minn. 56 at p. 61 (68 at p. 72), which involved an oral contract within G. S. 1866, c. 41, § 6(2), (now § 513.01[2]), we said:

"* * * The statute simply prescribes as a rule of evidence that oral proof of it cannot be received. An agreement, therefore, which was legal and actionable before the statute is legal since, and notwithstanding the statute," citing Browne, Statute of Frauds (5 ed.) § 115a.

In Hanson v. Marion, 128 Minn. 468, 473, 151 N. W. 195, 197, where we considered the above statement and said that the court did not mean what it said, we said:

"* * * It may well be doubted whether the court intended in that case to so construe the statute."

In Bruder v. Wolpert, 178 Minn. 330, 331, 227 N. W. 46, 47, we said:

"Our statute is not construed as one prescribing a mere rule of evidence but rather as precluding the substantive right of action upon an oral contract within it."

That case involved an action upon an oral lease for a term of more than one year within Mason St. 1927, §§ 8459 and 8460 (M. S. A. 513.04 and 513.05). We held that the action of the trial court in directing a verdict for defendant on the ground that the contract was void was unassailable.

Section 513.01 has no application to an executed contract. Theopold v. Curtsinger, 170 Minn. 105, 212 N. W. 18; Nelson v. McElroy, 140 Minn. 429, 168 N. W. 179, 587; Browne, Statute of Frauds (5 ed.) § 116.[6]

The contract controls the rights of the parties with respect to what they have done under it. Kriger v. Leppel, 42 Minn. 6, 43 N. W. 484; Steele v. Anheuser-Busch Brg. Assn. 57 Minn. 18, 58 N. W. 685 (involving lease); Evans v. Winona Lbr. Co. 30 Minn. 515, 16 N. W. 404 (oral lease).

Our cases are difficult to reconcile. We believe the better rule to be that contracts which fall within the provisions of § 513.01 and our present § 512.04 are not void in the strict sense that no contract has come into being at all, but are merely unenforceable at the option of the party against whom enforcement is sought. Browne, Statute of Frauds (5 ed.) § 115a. Such is the construction placed upon similar statutory provisions by a majority of the courts. 49 Am. Jur., Statute of Frauds, § 537. This rule does not necessarily conflict with Halloran v. Jacob Schmidt Brg. Co. 137 Minn. 141, 162 N. W. 1082, *supra,* where we held that the statute of frauds goes to the substance rather than to the procedure. It is substan-

---

[6]According to Browne, Statute of Frauds (5 ed.) § 115a, this result is based on the fact that "Compliance with the requirements of the statute does not constitute the contract; the statute presupposes an existing lawful contract, the enforcement of which is suspended till the statute is satisfied."

tive as a matter of conflict of laws in the sense that the law is a part of the contract. If it is properly asserted, it prevents an action from being maintained. It may be both substantive and procedural. See, Lorenzen, *The Statute of Frauds and the Conflict of Laws*, 32 Yale L. J. 311, 326. The rules under which the statute may be raised as a defense, by pleading or upon the trial, are procedural matters, even though the manner of execution is substantive.

■ Having accepted the rule that the statute of frauds does not render a contract absolutely void in the sense that no contract ever comes into existence, the question arises as to how the defense of the statute must be asserted. Under our decisions, and probably the weight of authority, it is clear that the statute need not be pleaded specially, but it may be raised by a general denial. Fontaine v. Bush, 40 Minn. 141, 41 N. W. 465; Tatge v. Tatge, 34 Minn. 272, 25 N. W. 596, 26 N. W. 121; Bean v. Lamprey, 82 Minn. 320, 84 N. W. 1016; Bruder v. Wolpert, 178 Minn. 330, 227 N. W. 46; 49 Am. Jur., Statute of Frauds, § 603; Annotation, 158 A. L. R. 113.

■ The defense is personal to the party to be charged and his privies (49 Am. Jur., Statute of Frauds, §§ 588 and 592), and it may be waived. Hanson v. Marion, 128 Minn. 468, 151 N. W. 195; 49 Am. Jur., Statute of Frauds, § 586; Draper v. Wilson, 143 Wis. 510, 128 N. W. 66, 21 Ann. Cas. 1387; Annotations, 19 Ann. Cas. 316, and 33 Ann. Cas. 1243.[7] Waiver may be express or implied. Dunbar v. Farnum, 109 Vt. 313, 196 A. 237, 114 A. L. R. 996. Where it appears from the face of the complaint that the contract is within the statute of frauds, defendant must either demur thereto or assert the defense in his answer by general denial or by specifically pleading the statute, and in such case there is a waiver if he fails to object to the admission of oral evidence to prove the contract. Hanson v. Marion, 128 Minn. 468, 151 N. W. 195; Stanley v. A. Levy & J. Zentner Co. 60 Nev. 432, 448, 112 P. (2d) 1047, 1054, 158 A. L. R. 76. The rule is otherwise if it does not appear from the face of the complaint that the contract is within the statute and defendant does not admit the contract in his answer. In such case, the de-

---

[7]See, Nutting v. McCutcheon, 5 Minn. 310 (382).

fendant may take advantage of the statute either by objecting to the competency of the oral evidence when offered or by objection after its admission that it does not prove a valid contract. Hanson v. Marion, *supra*. See, Mr. Justice Mitchell's dissent in Iverson v. Cirkel, 56 Minn. 299, 57 N. W. 800; Stanley v. A. Levy & J. Zentner Co. *supra*.

■ It is generally held that when defendant permits proof of a parol contract to be made without objection he is deemed to have waived his right to assert the protection of the statute. Howard v. Adams, 16 Cal. (2d) 253, 105 P. (2d) 971, 130 A. L. R. 1003; Allison v. Steele, 220 N. C. 318, 17 S. E. (2d) 339; Moore Lbr. Corp. v. Walker, 110 Va. 775, 67 S. E. 374, 19 Ann. Cas. 314.

It is too late to raise the objection after a verdict by a jury or on a motion for a new trial. Moore Lbr. Corp. v. Walker, *supra;* Hogan v. Easterday, 58 Ill. App. 45; 49 Am. Jur., Statute of Frauds, § 602.

■ It is almost universally held that the objection that the contract was within the statute, when not presented or urged in the trial court, cannot be raised for the first time on appeal, even though the pleadings are such that it could have been raised in the court below. 49 Am. Jur., Statute of Frauds, § 602; 3 Am. Jur., Appeal and Error, § 296. Under the rule stated above, this would preclude a holding that the contract is entirely *void*.

Asserting the statute of frauds in a pleading, as by a general denial under our cases, merely lays the foundation for objecting to the introduction of evidence of an unenforceable oral contract. If when the contract is offered the defendant then objects on the ground that it is insufficient under the statute, any contention of waiver on the ground of failure to object is removed; but when he permits proof of a parol contract to be made without objection he is deemed to have waived his right to assert the protection of the statute of frauds. 49 Am. Jur., Statute of Frauds, § 587.

Defendant relies upon Cowles v. Warner, 22 Minn. 449; Lally v. Crookston Lbr. Co. 85 Minn. 257, 88 N. W. 846; and O'Donnell v. Daily News Co. 119 Minn. 378, 138 N. W. 677.

In the Cowles case, the record shows that at the close of plaintiff's case defendant moved to dismiss on the grounds, among others, that the contract was void under the statute of frauds and that there was a fatal variance between the pleadings and proof. The court in its charge instructed the jury that it did not appear on the face of the complaint that the contract was such as could not be performed within a year. This court held that the contract shown by the evidence was within the statute of frauds and void, that there was a material variance between the contract pleaded and that proved, and for that reason that defendant's motion for dismissal at the close of plaintiff's testimony should have been granted. The question of waiver was not involved.

In Lally v. Crookston Lbr. Co. *supra,* the complaint did not disclose that the contract was within the statute of frauds. The record disclosed that the case was submitted to the jury on the theory that the original contract for one year's services had been performed. Plaintiff claimed that he held over for another year. No question of waiver was involved. The question decided by this court on appeal was whether an additional year's contract could arise by implication upon a contract within the statute. We held that it could not. The court held that, even though unenforceable, the contract was not void, but that if performed it might support an action for recovery of the salary provided by the contract.

In O'Donnell v. Daily News Co. *supra,* the complaint did not show that the contract was within the statute of frauds. Plaintiff claimed that the contract was for one year, commencing January 31. Defendant contended that it was entered into on or about January 31, but that it was to start on February 7 and run for a year from that date. The conflicting contentions were in issue, and this court found that the contract was made on January 31, to commence on February 7 and run for one year from February 7; hence, that it was within the statute. Plaintiff was denied recovery, except for the first week. We affirmed. There was no question of waiver. The case was tried without a jury.

The *Lally* and *O'Donnell* cases are distinguished in *Hanson v. Marion*, 128 Minn. 468, 473, 151 N. W. 195, 197, where we said:

"* * * In these cases the bar of the statute did not appear from the pleadings, and the objection was entertained after the evidence had all been received. The rule applies whether the contract comes within sections 7002, 7003 or section 6998, G. S. 1913 [M. S. A. 513.04, 513.05, or 513.01], and is void under the first, and unenforceable under the second of those sections of the statutes. In either case the statute may be invoked in the manner stated. The rule does not, however, necessarily apply where the complaint affirmatively alleges that the contract was not in writing, or the fact otherwise appears from the pleadings, or where the defendant by his answer admits the contract. *Iverson v. Cirkel* [56 Minn. 299, 57 N. W. 800], supra. Where the character of the contract appears from the face of the complaint defendant must either demur thereto, or plead the statute in his answer, otherwise there is a waiver, and in such case the failure to object to the evidence would constitute a waiver of the objection that the contract was within the statute."

The above case is cited as authority for the following statement in 37 C. J. S., Frauds, Statute of, § 271:

"* * * if the complaint affirmatively alleges that the contract was not in writing, or the fact otherwise appears from the pleadings, or if defendant by his answer admits the contract, advantage of the statute cannot be taken by motion to dismiss."

We therefore hold that contracts within § 513.01 of our statute of frauds are not void in the strict sense that no contract ever comes into existence, but are unenforceable at the option of the party against whom enforcement is sought, and that defendant in this case has waived the defense of the statute by failure to demur or properly and seasonably object to proof of the contract by oral evidence.

The only other assignment of error which merits our consideration relates to the court's definition of a contract. The court instructed the jury that "An agreement is made when both parties

mutually agree to be bound by the terms of an agreement even though not reduced to writing."

Standing alone, this definition might not be considered a model definition of a contract, but when read as part of the instructions as a whole we do not believe that the jury was misled. If a more accurate and complete definition was desired, it was the duty of counsel to call the court's attention to the inadequacy of the definition given. Storey v. Weinberg, 226 Minn. 48, 31 N. W. (2d) 912.

Affirmed.